<u>Jermaul Rondell Robinson v. State of Maryland</u>, No. 37, September Term, 2016; <u>Dexter Williams v. State of Maryland</u>, No. 39, September Term, 2016; <u>Vernon Harvey Spriggs, III v. State of Maryland</u>, No. 46, September Term, 2016

**ODOR OF MARIJUANA – PROBABLE CAUSE – <u>CARROLL</u> DOCTRINE – SEARCH OF VEHICLE – DECRIMINALIZATION OF POSSESSION OF LESS THAN TEN GRAMS OF MARIJUANA –** Court of Appeals held that law enforcement officer has probable cause to search vehicle where law enforcement officer detects odor of marijuana emanating from vehicle, as marijuana in any amount remains contraband, notwithstanding decriminalization of possession of less than ten grams of marijuana; and odor of marijuana gives rise to probable cause to believe that vehicle contains contraband or evidence of crime. There was probable cause to search vehicles in question, based on law enforcement officers having detected odor of marijuana coming from vehicles that Petitioners had been driving or in possession of.

Circuit Court for Baltimore City
Case No. 815049029

Circuit Court for Baltimore City
Case No. 815147025

Circuit Court for Dorchester County
Case No. 09-K-14-015452

Argued: December 1, 2016

IN THE COURT OF APPEALS

OF MARYLAND

Nos. 37, 39, & 46

September Term, 2016

_____

JERMAUL RONDELL ROBINSON

v.

STATE OF MARYLAND
_____

DEXTER WILLIAMS

v.

STATE OF MARYLAND
_____

VERNON HARVEY SPRIGGS, III

v.

STATE OF MARYLAND
_____

Barbera, C.J.
Greene
Adkins
McDonald
Watts
Hotten
Getty,

JJ.
_____

Opinion by Watts, J.
_____

Filed:  January 20, 2017

In 2014, Maryland joined a number of other jurisdictions that have decriminalized, but not legalized, possession of small amounts of marijuana—that is, under the law of these jurisdictions, possession of a small amount of marijuana remains illegal, but is punishable by a fine, not by incarceration.[1] Before October 1, 2014, under Maryland law, possession of less than ten grams of marijuana was a misdemeanor that carried a maximum penalty of ninety days of incarceration and a fine of $500. See 2014 Md. Laws. 1119 (Vol. II, Ch. 158, S.B. 364); Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2013 Supp.) § 5-601(c)(2)(ii). As of October 1, 2014, under Maryland law, possession of less than ten

_____

[1]Under the following fifteen jurisdictions' laws, first-time possession of a small amount of marijuana is punishable only by a fine and/or participation in an examination, drug education, or drug treatment: Connecticut, Delaware, Illinois, Maine, Maryland, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New York, North Carolina, Ohio, Rhode Island, and Vermont. See Conn. Gen. Stat. § 21a-279a(a)(1); Del. Code Ann. tit. 16 § 4764(c); 720 Ill. Comp. Stat. 550/4(a); Me. Stat. tit. 22 § 2383(1)(A); Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2016 Supp.) § 5-601(c)(2)(ii); Minn. Stat. § 152.027 Subd. 4(a); Miss. Code Ann. § 41-29-139(c)(2)(A)(1); Mo. S.B. 491 (2014), available at http://www.senate.mo.gov/14info/BTS_Web/Bill.aspx?SessionType=R&BillID=277235 23 [https://perma.cc/J672-URZH]; Neb. Rev. St. § 28-416(13)(a); Nev. Rev. Stat. § 453.336(4)(a); N.Y. Penal Law § 221.05; N.C. Gen. Stat. § 90-95(d)(4); Ohio Rev. Code Ann. § 2925.11(C)(3)(a); 1956 R.I. Gen. Laws § 21-28-4.01(c)(2)(iii); Vt. Stat. Ann. tit. 18 § 4230a(a)(1).

Six jurisdictions—Alaska, California, Colorado, the District of Columbia, Massachusetts, and Oregon—have legalized possession of a small amount of marijuana. See Alaska Stat. Ann. § 17.38.020(1); 2016 Cal. Legis. Serv. Prop. 64 § 4.4; Colo. Const. Art. 18, § 16(3)(a); DC Code Ann. § 48-904.01(a)(1)(A); Massachusetts Law about Marijuana Possession, Massachusetts Trial Court Law Libraries (updated Nov. 14, 2016), http://www.mass.gov/courts/case-legal-res/law-lib/laws-by-subj/about/marijuana. html [https://perma.cc/X7RE-D3HW]; Or. Rev. Stat Ann. § 475.864.

Possession of marijuana in any amount, however, remains a crime under federal law. See 21 U.S.C. § 844(a).

grams of marijuana became "a civil offense"[2] that is punishable by participation in a drug education program, an assessment for substance abuse disorder, possible substance abuse treatment, and a fine, the amount of which depends on whether the violation is a first, second, or subsequent violation of the statute. See 2014 Md. Laws. 1119, 1124 (Vol. II, Ch. 158, S.B. 364); Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5-601(c)(2).

Here, Jermaul Rondell Robinson ("Robinson"), Dexter Williams ("Williams"), and Vernon Harvey Spriggs, III ("Spriggs") (together, "Petitioners") contend that, due to the decriminalization of possession of less than ten grams of marijuana, a law enforcement officer no longer has probable cause to search a vehicle where the law enforcement officer detects an odor of marijuana emanating from the vehicle. In separate cases, each Petitioner moved to suppress evidence that had been found in a vehicle that he had been driving or had possession of. In each case, at a hearing on the motion to suppress, a law enforcement officer testified that either a strong odor or an overwhelming odor of fresh marijuana was emanating from the car that the Petitioner had been using. In each case, the circuit court denied the motion to suppress, and each Petitioner was convicted of possession of at least ten grams of marijuana under the amended statute. Petitioners appealed, and, in each case, the Court of Special Appeals affirmed the circuit court's judgment in an unreported opinion. Petitioners separately filed petitions for writs of *certiorari*, which this Court

---

[2]As discussed below, Maryland law provides a limited authorization for certain eligible persons to possess and/or use marijuana for medical purposes. Possession and/or use of medical marijuana is not at issue in these cases.

granted. We heard one oral argument as to Petitioners' cases on the same day, and this opinion serves to consolidate the cases.

Petitioners raise an important matter of first impression: whether, in light of the decriminalization of possession of less than ten grams of marijuana, a law enforcement officer has probable cause to search a vehicle upon detecting an odor of marijuana emanating from the vehicle. In a reported opinion in an earlier case—Bowling v. State, 227 Md. App. 460, 476, 134 A.3d 388, 398, cert. denied, 448 Md. 724, 141 A.3d 135 (2016)—the Court of Special Appeals held that the decriminalization of possession of less than ten grams of marijuana did not undermine the principle that the alert of a narcotics dog, that is certified to detect marijuana along with other controlled dangerous substances, constitutes probable cause to search a vehicle. In each of Petitioners' cases, the Court of Special Appeals applied Bowling and concluded that a law enforcement officer's detection of a strong odor of marijuana coming from a vehicle that the defendant possessed provides probable cause to search the vehicle, despite the decriminalization of possession of less than ten grams of marijuana, because marijuana in any amount remains contraband—*i.e.*, goods that are illegal, but not necessarily criminal, to possess. In addition to the holding of the Court of Special Appeals in Bowling, courts in Maine, Oregon, California, Minnesota and Colorado have reached similar conclusions, namely, that where an officer detects the odor of marijuana coming from a vehicle, the warrantless search of the vehicle is permitted, even though these jurisdictions had decriminalized—and, in at least one instance, legalized—the possession of a small quantity of marijuana. See State v. Barclay, 398 A.2d 794 (Me. 1979); State v. Smalley, 225 P.3d 844 (Or. App. 2010); People v.

- 3 -

Waxler, 224 Cal. App. 4th 712 (2014), as modified on denial of reh'g (Apr. 3, 2014), review denied (June 11, 2014); State v. Ortega, 749 N.W.2d 851 (Minn. Ct. App. 2008), aff'd, 770 N.W.2d 145 (Minn. 2009); People v. Zuniga, 372 P.3d 1052 (Colo. 2016).

Upon careful consideration, in agreement with the conclusions of the Court of Special Appeals and the appellate courts of other jurisdictions, we hold that a law enforcement officer has probable cause to search a vehicle where the law enforcement officer detects an odor of marijuana emanating from the vehicle, as marijuana in any amount remains contraband, notwithstanding the decriminalization of possession of less than ten grams of marijuana; and the odor of marijuana gives rise to probable cause to believe that the vehicle contains contraband or evidence of a crime. Simply put, decriminalization is not synonymous with legalization, and possession of marijuana remains unlawful.

## BACKGROUND

### No. 37: Robinson v. State

On October 19, 2014, in the District Court of Maryland, sitting in Baltimore City, the State, Respondent, charged Robinson with possession of oxycodone, possession of at least ten grams of marijuana, and possession of drug paraphernalia. The case was transferred to the Circuit Court for Baltimore City. In the circuit court, Robinson filed "Omnibus Pre-Trial Defense Motions," which included, among other things, a motion to suppress all evidence that law enforcement had allegedly illegally seized from Robinson's vehicle.

On March 16, 2015, the circuit court conducted a hearing on the motion to suppress.

The only witness at the hearing was Officer Steven A. Vinias of the Baltimore Police Department. As a witness for the State, Officer Vinias testified that he was familiar with the odor of marijuana, and was able to distinguish the odor of fresh marijuana from the odor of burnt marijuana. On October 18, 2014, Officer Vinias was driving in the 3100 block of Oakfield Avenue in Baltimore. Sergeant Luis Ruiz was a passenger in the law enforcement vehicle. Officer Vinias saw Robinson leaning against a Nissan Maxima, which was the only vehicle on that side of Oakfield Avenue. Officer Vinias noticed an overwhelming smell of fresh marijuana. Officer Vinias stopped, and he and Sergeant Ruiz exited and approached Robinson, who was within arm's length of the Nissan at the time. Robinson made a movement toward his waistband, and Sergeant Ruiz detained Robinson. Once Robinson was detained, Officer Vinias could tell that the smell of marijuana was coming from the Nissan. In response to questions by Officer Vinias, Robinson said that he had been driving the Nissan, and that there was marijuana in the Nissan. Officer Vinias searched the Nissan and seized sixteen small bags of marijuana and one oxycodone pill. At the time of the seizure, Officer Vinias estimated that the marijuana weighed more than ten grams. On cross-examination, Officer Vinias stated that the strength of the odor of marijuana and the amount of marijuana are not always synonymous.

After Officer Vinias's testimony, the circuit court heard argument from the parties. Robinson's counsel contended that a law enforcement officer lacks probable cause to search a vehicle for marijuana unless the law enforcement officer has reasonable suspicion that the vehicle contains more than ten grams of marijuana. The State argued that nothing had changed as a result of the amendment to the marijuana statute with respect to a law

enforcement officer's ability to search a vehicle based on the odor of marijuana. After hearing the parties' arguments, the circuit court denied the motion to suppress without making any findings of fact.

The parties agreed that Robinson would be tried on an agreed statement of facts only as to the charge of possession of at least ten grams of marijuana. Robinson's counsel engaged in a waiver colloquy with Robinson, who waived the right to a trial. The prosecutor read a statement of facts, to which Robinson's counsel agreed. The circuit court found Robinson guilty of possession of at least ten grams of marijuana and sentenced him to time served. The docket entries reflect that the other two charges, possession of oxycodone and possession of drug paraphernalia, were closed.

On March 26, 2015, Robinson noted an appeal. In an unreported opinion dated April 29, 2016, the Court of Special Appeals affirmed the circuit court's judgment, holding that, despite the decriminalization of possession of less than ten grams of marijuana, marijuana remains contraband, and its odor provides probable cause to search a vehicle.

On June 14, 2016, Robinson petitioned for a writ of *certiorari*, raising the following two issues:

> 1. When an officer detects an "overwhelming smell" of "fresh marijuana" coming from a car, does he have probable cause to search the car in light of the fact that possession of a less than ten grams of marijuana is now a "civil offense" punishable only by a fine?
>
> 2. Did the trial court err when it denied [] Robinson's motion to suppress?

On August 19, 2016, this Court granted the petition. See Robinson v. State, 449 Md. 410, 144 A.3d 705 (2016).

On April 8, 2015, in the District Court of Maryland, sitting in Baltimore City, the State charged Williams with possession of marijuana and possession of drug paraphernalia. The case was transferred to the Circuit Court for Baltimore City. In the circuit court, Williams filed "Omnibus Pre-Trial Defense Motions," which included, among other things, a motion to suppress all evidence that law enforcement had allegedly illegally seized from Williams's vehicle.

On June 25, 2015, the circuit court conducted a hearing on the motion to suppress. The only witness at the hearing was Detective Tristan Ferguson of the Baltimore Police Department. As a witness for the State, Detective Ferguson testified that he was familiar with the odor of marijuana, and was able to distinguish the odor of fresh marijuana from the odor of burnt marijuana. According to Detective Ferguson, the greater the amount of fresh marijuana, the stronger the odor and the greater the radius in which the marijuana can be smelled. On April 8, 2015, Detective Ferguson was driving in the 4500 block of Fairview Avenue in Baltimore. Detective Ferguson saw Williams in the driver's seat of a vehicle that was stopped in front of a stop sign. Detective Ferguson exited the law enforcement vehicle and approached Williams. Once he was within four feet of Williams's vehicle, Detective Ferguson smelled a strong odor of fresh marijuana emanating from Williams's vehicle. Detective Ferguson asked Williams whether he smoked marijuana, and Williams replied affirmatively. Detective Ferguson asked Williams to exit his vehicle. Detective Ferguson searched Williams's vehicle and seized a backpack that contained a canister, which contained a scale and 170 grams of packaged marijuana. On cross-

examination, Detective Ferguson acknowledged that even a small amount of the most powerful grade of marijuana, known as "loud," would have a potent odor.

Following Detective Ferguson's testimony, the circuit court heard argument from the parties. Williams's counsel contended that probable cause to believe that a person is engaged in conduct that constitutes a civil violation of the law—*e.g.*, possession of less than ten grams of marijuana—does not provide a basis for a warrantless search. The State argued that the General Assembly had specifically indicated that decriminalization of possession of less than ten grams of marijuana would not affect law enforcement officers' authority to seize marijuana. After hearing the parties' arguments, the circuit court denied the motion to suppress.

On June 25, 2015, after the circuit court denied the motion to suppress, Williams pled guilty to possession of at least ten grams of marijuana. The prosecutor read a statement of facts, to which Williams's counsel agreed. The circuit court found Williams guilty of possession of at least ten grams of marijuana and postponed sentencing.

On July 2, 2015, Williams filed a "Motion for New Trial," requesting a new trial and that he be permitted to enter a conditional guilty plea, and thus preserve the right to appeal the denial of the motion to suppress. Docket entries reflect that, on July 21, 2015, a verdict of guilty was entered as to the charge for possession of at least ten grams of marijuana; the charge for possession of drug paraphernalia was closed; and the circuit court sentenced Williams to twenty days of incarceration.

On August 5, 2015, Williams noted an appeal. In an unreported opinion dated May 18, 2016, the Court of Special Appeals affirmed the circuit court's judgment, holding that

the odor of marijuana alone provides probable cause to search a vehicle.

On June 27, 2016, Williams petitioned for a writ of *certiorari*, raising the following two issues:

> 1. When an officer smells "the odor of marijuana strongly emanating from the interior" of a car and when the driver and sole occupant admits that he has an unspecified amount of marijuana in the car, does the officer have probable cause to search the car in light of the fact that possession of a less than ten grams of marijuana is now a "civil offense" punishable only by a fine?
>
> 2. Did the trial court err when it denied [] Williams'[s] motion to suppress?

On September 2, 2016, this Court granted the petition. See Williams v. State, 450 Md. 104, 146 A.3d 464 (Sept. 2, 2016).

## No. 46: Spriggs v. State

On December 11, 2014, in the Circuit Court for Dorchester County, the State charged Spriggs with possession of cocaine with the intent to distribute, possession of marijuana with the intent to distribute, possession of cocaine, possession of marijuana, and two counts of possession of drug paraphernalia. In the circuit court, Spriggs filed an "Omnibus Motion for Appropriate Relief Under Rule 4-252," which included, among other things, a motion to suppress all evidence that law enforcement had allegedly illegally seized.

On April 20, 2015, the circuit court conducted a hearing on the motion to suppress. Two witnesses testified at the hearing. As a witness for the State, Corporal Jeffrey Smith of the Cambridge Police Department testified that he was familiar with the odor of fresh marijuana. According to Corporal Smith, the greater the amount of marijuana, the stronger

the odor. On October 18, 2014, Corporal Smith was driving down Elm Street in Cambridge with the windows down and detected a strong odor of fresh marijuana. Corporal Smith saw Spriggs in a vehicle in a parking lot in front of an abandoned building. Corporal Smith observed that the front passenger-side door was open, and Spriggs was sitting in the passenger's seat with his feet outside the vehicle. The odor of marijuana weakened as Corporal Smith drove further down Elm Street. Corporal Smith made a U-turn, parked the law enforcement vehicle, exited, and approached Spriggs. While Corporal Smith approached, Spriggs exited his vehicle and began walking toward the back of his vehicle. Meanwhile, Corporal Robert Ball drove down Elm Street, parked his law enforcement vehicle, exited, and reached Spriggs before Corporal Smith did. While Corporal Ball was speaking with Spriggs, Corporal Smith walked away from Spriggs's vehicle, and noticed that the odor of marijuana weakened. Corporal Smith walked back toward Spriggs's vehicle; at that point, Corporal Smith believed that he could tell that the odor of marijuana was coming from the general area of Spriggs's vehicle. At that time, Spriggs was holding keys in his left hand; and, other than Corporals Smith and Ball, no one was in Spriggs's general area.

As a witness for the State, Corporal Ball testified that the greater the amount of marijuana, the stronger the odor. Corporal Ball testified that, on October 18, 2014, he drove down Elm Street and saw Corporal Smith on foot. Corporal Ball parked his law enforcement vehicle, exited, and approached Spriggs, who was near a parked Honda Civic. The Honda was the only vehicle in the parking lot. As he approached Spriggs, Corporal Ball smelled a strong odor of fresh marijuana. Corporal Ball asked Spriggs how he was

doing and whether he was just hanging out in the area. Spriggs said yes. Corporal Ball testified that Corporal Smith said that he smelled marijuana. Spriggs said that he smelled marijuana too, and that a couple of other people had just left the area. Corporal Ball testified that no one else was in the area, and that he smelled marijuana coming from Spriggs's person. Spriggs was asked who owned the Honda, and Spriggs said that his boss did. Corporal Ball testified that Spriggs told him that "he [Spriggs] had the vehicle" and that he had been the only one in the Honda. Corporal Ball searched Spriggs and found a large amount of United States currency, but no marijuana. Corporal Ball asked Spriggs for the Honda's key, and Spriggs complied. Corporal Ball searched the Honda.[3]

After Corporal Ball's testimony, the circuit court heard argument from the parties. Spriggs's counsel contended that the odor of marijuana alone cannot justify a warrantless search. The State contended that, based on prior case law, law enforcement officers have the right to investigate upon detecting the odor of marijuana. After hearing the parties' arguments, the circuit court denied the motion to suppress, making findings of fact that were consistent with Corporal Smith's testimony and Corporal Ball's testimony.

On April 29, 2015, Spriggs elected a bench trial, at which Corporal Smith and Corporal Ball testified as witnesses for the State. As witness for the State, Detective Edward Howard of the Cambridge Police Department testified that, when he was part of the Narcotics Division, he delivered the bags of suspected drugs taken from the Honda to

---

[3]At trial, Corporal Smith testified that he found marijuana in a Ziploc bag in a plastic grocery bag in front of the Honda's driver's seat, and that he found cocaine in another Ziploc bag in the Honda.

- 11 -

a crime lab in Berlin.  As a witness for the State, Detective Jamie McDaniel testified that the seized items were $3,056 in United States currency, 143 grams of cocaine, and 142 grams of marijuana.

The circuit court found Spriggs guilty of possession of cocaine with the intent to distribute, possession of marijuana with the intent to distribute, possession of cocaine, and possession of marijuana.  The circuit court found Spriggs not guilty of both counts of possession of drug paraphernalia.  The circuit court sentenced Spriggs to twenty years of imprisonment, with all but three years suspended, for possession of cocaine with the intent to distribute; five consecutive years of imprisonment, with all but one year and one day suspended, for possession of marijuana with the intent to distribute; and five years of supervised probation.  The circuit court merged the remaining two convictions for sentencing purposes.

On May 6, 2015, Spriggs noted an appeal.  In an unreported opinion dated June 23, 2016, the Court of Special Appeals affirmed the circuit court's judgment, concluding that the odor of marijuana alone provides probable cause to search a vehicle.

On August 3, 2016, Spriggs petitioned for a writ of *certiorari*, raising the following two issues:

> 1. When an officer detects an "overwhelming strong odor" of "raw marijuana" coming from a car, does he have probable cause to search the car in light of the fact that possession of less than ten grams of marijuana is now a "civil offense" punishable only by a fine?
>
> 2. Did the trial court err when it denied [] Spriggs's motion to suppress?

On September 2, 2016, this Court granted the petition.  See Spriggs v. State, 450 Md. 102,

146 A.3d 463 (Sept. 2, 2016).

## DISCUSSION

## The Parties' Contentions

Petitioners contend that, because the General Assembly has made possession of less than ten grams of marijuana a civil offense that is punishable by a fine, a law enforcement officer may not conduct a warrantless search of a vehicle based only on the odor of marijuana. Petitioners argue that the odor of marijuana alone does not constitute probable cause that a vehicle contains more than ten grams of marijuana because the odor of marijuana indicates only its presence, not its amount. Petitioners assert that law enforcement officers could not conduct warrantless searches of their vehicles because a search warrant cannot be issued for civil offenses. Petitioners point out that a warrantless search is permissible only where reasonable. Petitioners maintain that Carroll v. United States, 267 U.S. 132 (1925) and its progeny do not answer the question of whether it is reasonable for a law enforcement officer to search for items, the possession of which is not criminal. Petitioners contend that whether a search is reasonable does not depend on the General Assembly's intent in decriminalizing possession of a small amount of marijuana. Alternatively, Petitioners argue that, if relevant, the General Assembly's intent was to limit the enforcement of laws related to the possession of marijuana, including laws related to searches.

The State responds that the decriminalization of possession of less than ten grams of marijuana does not affect existing case law that permits a warrantless search of a vehicle based on the odor of marijuana. The State contends that the Carroll doctrine permits the

warrantless search of a vehicle based on probable cause to believe that the vehicle contains contraband or evidence of a crime. The State asserts that "contraband" and "evidence of a crime" are not synonymous, as "contraband" includes anything that is unlawful to possess, regardless of whether possession is criminal. The State maintains that, despite the decriminalization of possession of less than ten grams of marijuana, marijuana remains contraband, which is subject to seizure, and that the odor of marijuana coming from a vehicle gives rise to probable cause to believe evidence of a crime may be found in the vehicle. The State points out that courts in other jurisdictions have applied the <u>Carroll</u> doctrine and upheld warrantless searches based on the odor of marijuana. In sum, the State argues that the odor of marijuana provides probable cause to believe that a vehicle contains contraband or evidence of a crime.

### The Standard of Review

In <u>Varriale v. State</u>, 444 Md. 400, 410, 119 A.3d 824, 830 (2015), this Court explained the standard of review for a ruling on a motion to suppress as follows:

> In reviewing a trial court's ruling on a motion to suppress, an appellate court reviews for clear error the trial court's findings of fact, and reviews without deference the trial court's application of the law to its findings of fact. The appellate court views the trial court's findings of fact, the evidence, and the inferences that may be drawn therefrom in the light most favorable to the party who prevails on the issue that the defendant raises in the motion to suppress.

(Citation omitted).

### The Fourth Amendment, the <u>**Carroll**</u> Doctrine, and Contraband

The Fourth Amendment to the United States Constitution provides in pertinent part:

"The right of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV.[4] The Fourth Amendment does not prohibit all searches—only unreasonable ones. See Sellman v. State, 449 Md. 526, 540, 144 A.3d 771, 779 (2016). Whether a search is reasonable depends on the public interest versus an individual's right to be free from arbitrary interference by a law enforcement officer. See id. at 540, 144 A.3d at 779.

Generally, for a search to be reasonable, a law enforcement officer must obtain a warrant. See Riley v. California, ___ U.S. ___, 134 S. Ct. 2473, 2482 (2014). One exception to the warrant requirement is the "automobile exception," under which a law enforcement officer may conduct a warrantless search of a vehicle based on probable cause. See California v. Acevedo, 500 U.S. 565, 569 (1991). The automobile exception originates from the case of Carroll, 267 U.S. 132, and has been referred to as "the Carroll doctrine." See Acevedo, 500 U.S. at 569-70. In Wyoming v. Houghton, 526 U.S. 295, 300 (1999), the Supreme Court discussed Carroll as follows:

> *Carroll* . . . involved the warrantless search of a car that law enforcement officials had probable cause to believe contained contraband—in that case, bootleg liquor. The Court concluded that the Framers would have regarded such a search as reasonable in light of legislation enacted by Congress from 1789 through 1799—as well as subsequent legislation from the founding era and beyond—that empowered customs officials to search any ship or vessel without a warrant if they had probable cause to believe that it contained goods subject to a duty. Thus, the Court held that "contraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant" where probable cause exists.

(Citations omitted).

---

[4]The Fourth Amendment applies to the States under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Sellman v. State, 449 Md. 526, 539, 144 A.3d 771, 779 (2016).

Probable cause exists where, based on the available facts, a person of reasonable caution would believe "that **contraband or evidence of a crime** is present." Florida v. Harris, ___ U.S. ___, 133 S. Ct. 1050, 1055 (2013) (emphasis added) (citations omitted). Probable cause does not depend on a preponderance of the evidence, but instead depends on a "fair probability" on which a reasonably prudent person would act. Id. (citation omitted). Specifically, in Illinois v. Gates, 462 U.S. 213, 231 (1983), the Supreme Court described the concept of probable cause as follows:

> [T]he probable cause standard is . . . a "practical, nontechnical conception." "In dealing with probable cause, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act." Our observation in *United States v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981), regarding "particularized suspicion," is also applicable to the probable cause standard:
>
>> The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same—and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.
>
> As these comments illustrate, probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.

(Ellipsis and some citations omitted). And more recently, in Harris, 133 S. Ct. at 1055-56, the Supreme Court stated:

> The test for probable cause is not reducible to precise definition or quantification. Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence have no place in the probable-

- 16 -

cause decision. All we have required is the kind of fair probability on which reasonable and prudent people, not legal technicians, act.

In evaluating whether the State has met this practical and common-sensical standard, we have consistently looked to the totality of the circumstances. We have rejected rigid rules, bright-line tests, and mechanistic inquiries in favor of a more flexible, all-things-considered approach. . . .

(Citations, ellipsis, brackets, and internal quotation marks omitted).

As to the automobile exception to the warrant requirement, in Carroll, 267 U.S. at 153, the Supreme Court held that, with probable cause to believe that a vehicle contains contraband, a law enforcement officer may search a vehicle without a warrant, because vehicles can be quickly moved from one jurisdiction to another, thus making it impracticable to obtain a warrant. In Carroll, during the Prohibition era, a law enforcement officer stopped a vehicle, searched the vehicle, and found alcohol inside of the vehicle. See Carroll, 267 U.S. at 172 (McReynolds, J., dissenting).[5] The occupants of the vehicle were found guilty of violating a statute that made it a crime to transport alcohol in violation of the National Prohibition Act. See Carroll, 267 U.S. at 144-45. On appeal, the defendants argued that a law enforcement officer could conduct a warrantless search of a vehicle only if the law enforcement officer could arrest the driver—which the law enforcement officer could do only if he or she either had probable cause to believe that the driver had committed a felony, or had seen the driver commit a misdemeanor. See id. at 156-57. The Supreme Court rejected the defendants' contention, concluding that a law enforcement officer's

---

[5]Justice McReynolds's dissenting opinion expounded on Carroll's facts in greater detail than the majority opinion did. Compare Carroll, 267 U.S. at 160-61 with id. at 171-74 (McReynolds, J., dissenting).

ability to search a vehicle does not depend on the law enforcement officer's right to make an arrest, but instead depends on probable cause to believe that the vehicle's contents are illegal. See id. at 158-59. Specifically, the Court stated: "The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." Id. Although the Court noted that, under the National Prohibition Act, the driver of a vehicle that contained alcohol was subject to arrest, the Court determined that the nature of the offense for which the driver could be prosecuted did not affect the validity of the search. See id. at 159. In sum, in Carroll, id. at 153, 158-59, the Supreme Court concluded that, with probable cause to believe that a vehicle contains contraband, a law enforcement officer may search a vehicle without a warrant, and the determination of probable cause does not depend upon the right to make an arrest.

Following Carroll, the Supreme Court has stated that a law enforcement officer has probable cause to search a vehicle when he or she believes that contraband or evidence of a crime may be found in the vehicle. For example, in Harris, 133 S. Ct. at 1053, 1055, a case involving a drug-detection dog's alert during a traffic stop, the Supreme Court stated: "A police officer has probable cause to conduct a search when the facts available to him [or her] would warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present." (Citation, brackets, and internal quotation marks omitted). In Houghton, 526 U.S. at 297, 304, a case involving a search of a passenger's personal belongings inside of an automobile, the Supreme Court stated:

Effective law enforcement would be appreciably impaired without the ability

to search a passenger's personal belongings when there is reason to believe contraband or evidence of criminal wrongdoing is hidden in the car. As in all car-search cases, the 'ready mobility' of an automobile creates a risk that the evidence or contraband will be permanently lost while a warrant is obtained.

(Citation omitted). And, in Texas v. Brown, 460 U.S. 730, 733, 742 (1983), a case

involving a routine driver's license checkpoint stop, the Supreme Court stated:

As the Court frequently has remarked, probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would warrant a [person] of reasonable caution in the belief, that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false.

(Citation and internal quotation marks omitted).

**The Decriminalization of Possession of Less Than Ten Grams of Marijuana**

Before October 1, 2014, Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2013

Supp.) § 5-601 was effective, and stated in relevant part:

(a) Except as otherwise provided in this title, a person may not:

(1) possess or administer to another a controlled dangerous substance, unless obtained directly or by prescription or order from an authorized provider acting in the course of professional practice;

* * *

(c)    (1) Except as provided in paragraphs (2) and (3) of this subsection, a person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 4 years or a fine not exceeding $25,000 or both.

(2)    (i) A person whose violation of this section involves the use or possession of marijuana is subject to imprisonment not exceeding 1 year or a fine not exceeding $1,000 or both.

(ii)    1. A person convicted of the use or possession of less

- 19 -

than 10 grams of marijuana is subject to imprisonment not exceeding 90 days or a fine not exceeding $500 or both.

2014 Md. Laws. 1119, 1124 (Vol. II, Ch. 158, S.B. 364).  Thus, before 2014, possession of marijuana in any amount was a crime—albeit one that carried less of a maximum penalty than possession of other drugs.

In 2014, the General Assembly amended Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2013 Supp.) § 5-601(c)(2), the penalty provisions regarding marijuana, to state in pertinent part:

(i) Except as provided in subparagraph (ii) of this paragraph, a person whose violation of this section involves the use or possession of marijuana is subject to imprisonment not exceeding 1 year or a fine not exceeding $1,000 or both.

(ii)     1. A first violation of this section involving the use or possession of less than 10 grams of marijuana is a civil offense punishable by a fine not exceeding $100.

2. a second violation of this section involving the use or possession of less than 10 grams of marijuana is a civil offense punishable by a fine not exceeding $250.

3. a third or subsequent violation of this section involving the use or possession of less than 10 grams of marijuana is a civil offense punishable by a fine not exceeding $500.

4.     A. In addition to a fine, a court shall order a person under the age of 21 years who commits a violation punishable under subsubparagraph 1, 2, or 3 of this subparagraph to attend a drug education program approved by the Department of Health and Mental Hygiene, refer the person to an assessment for substance abuse disorder, and refer the person to substance abuse treatment, if necessary.

B. In addition to a fine, a court shall order a person at least 21 years old who commits a violation punishable under subsubparagraph 3 of this subparagraph to attend a drug education program approved by the Department of Health and Mental Hygiene, refer the person to

an assessment for substance abuse disorder, and refer the person to substance abuse treatment, if necessary.

2014 Md. Laws. 1119 (Vol. II, Ch. 158, S.B. 364).[6]

---

[6]Although the General Assembly has amended the statute since 2014, the penalty provisions regarding marijuana remain substantively identical; and, subsubparagraph (ii)(4)(C) has been added. Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2016 Supp.) § 5-601(c)(2) currently states:

(i) Except as provided in subparagraph (ii) of this paragraph, a person whose violation of this section involves the use or possession of marijuana in the amount of 10 grams or more is guilty of the misdemeanor of possession of marijuana and is subject to imprisonment not exceeding 1 year or a fine not exceeding $1,000 or both.

(ii)    1. A first finding of guilt under this section involving the use or possession of less than 10 grams of marijuana is a civil offense punishable by a fine not exceeding $100.

2. A second finding of guilt under this section involving the use or possession of less than 10 grams of marijuana is a civil offense punishable by a fine not exceeding $250.

3. A third or subsequent finding of guilt under this section involving the use or possession of less than 10 grams of marijuana is a civil offense punishable by a fine not exceeding $500.

4.     A. In addition to a fine, a court shall order a person under the age of 21 years who commits a violation punishable under subsubparagraph 1, 2, or 3 of this subparagraph to attend a drug education program approved by the Department of Health and Mental Hygiene, refer the person to an assessment for substance abuse disorder, and refer the person to substance abuse treatment, if necessary.

B. In addition to a fine, a court shall order a person at least 21 years old who commits a violation punishable under subsubparagraph 3 of this subparagraph to attend a drug education program approved by the Department of Health and Mental Hygiene, refer the person to an assessment for substance abuse disorder, and refer the person to

The General Assembly also added Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5-601(d), which stated:

The provisions of subsection (c)(2)(ii) of this section making the possession of marijuana a civil offense may not be construed to affect the laws relating to:

(1) operating a vehicle or vessel while under the influence of or while impaired by a controlled dangerous substance; or

(2) seizure and forfeiture.

2014 Md. Laws. 1122 (Vol. II, Ch. 158, S.B. 364).

Additionally, the General Assembly created Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5-601.1, which stated in pertinent part:

(a) A police officer shall issue a citation to a person who the police officer has probable cause to believe has committed a violation of § 5-601 of this part involving the use or possession of less than 10 grams of marijuana.

(b)      (1) A violation of § 5-601 of this part involving the use or possession of less than 10 grams of marijuana is a civil offense.

(2) Adjudication of a violation under § 5-601 of this part involving the use or possession of less than 10 grams of marijuana:

(i) is not a criminal conviction for any purpose; and

(ii) does not impose any of the civil disabilities that may result from a criminal conviction.

2014 Md. Laws. 1122-23 (Vol. II, Ch. 158, S.B. 364).

---

substance abuse treatment, if necessary.

C. A court that orders a person to a drug education program or substance abuse assessment or treatment under this subsubparagraph may hold the case sub curia pending receipt of proof of completion of the program, assessment, or treatment.

Although this Court has not yet addressed the impact of the decriminalization of possession of less than ten grams of marijuana on an analysis of probable cause, the Court of Special Appeals has done so. In Bowling, 227 Md. App. at 476, 134 A.3d at 398, the Court of Special Appeals concluded that the decriminalization of possession of less than ten grams of marijuana did not alter the status of marijuana as contraband in Maryland, and that a narcotics dog's alert provides probable cause to search a vehicle pursuant to the Carroll doctrine. In Bowling, 227 Md. App. at 462, 134 A.3d at 390, a law enforcement officer stopped a vehicle that the defendant was driving. The law enforcement officer noticed that the defendant appeared nervous, and the officer called for a narcotics dog. See id. at 462-63, 134 A.3d at 390. Before the narcotics dog arrived, the defendant exited his vehicle, and was unable to get back in because he had locked his key inside. See id. at 463, 134 A.3d at 390. The narcotics dog arrived, and alerted near the rear driver's side door. See id. at 463-64, 134 A.3d at 390-91. Afterward, a tow truck driver arrived, and opened the defendant's vehicle. See id. at 464, 134 A.3d at 391. The law enforcement officer, who had been planning to have the defendant's vehicle towed to the police station, immediately searched the defendant's vehicle instead of conducting an inventory search at the police station. See id. at 464, 134 A.3d at 391. The law enforcement officer found nearly 200 grams of marijuana, an OxyContin tablet, a smoking device, a scale, and a large amount of cash. See id. at 464, 134 A.3d at 391. The defendant moved to suppress all of the evidence that had been found in his vehicle, contending that the narcotics dog's alert did not provide probable cause for a warrantless search of the vehicle in light of the General

Assembly's decriminalization of possession of less than ten grams of marijuana, and because the narcotics dog could not distinguish between more than ten grams of marijuana and less than ten grams of marijuana. See id. at 464-65, 134 A.3d at 391.

The trial court denied the motion to suppress, and the Court of Special Appeals affirmed the trial court's judgment. See id. at 465, 476,134 A.3d at 391, 398. The Court of Special Appeals explained that decriminalization is not synonymous with legalization; even though possession of less than ten grams of marijuana is no longer a crime, it is still illegal. See id. at 470, 134 A.3d at 394. The Court of Special Appeals examined the plain meaning and legislative history of the statute decriminalizing possession of less than ten grams of marijuana and concluded: "[I]t is clear that the [] General Assembly intended that marijuana remain classified as 'contraband,' and that the decriminalization of small amounts of marijuana would not affect existing case law allowing officers to search a vehicle based upon a K-9 alert to the smell of marijuana." Id. at 476, 134 A.3d at 398. The Court of Special Appeals also examined case law from the Supreme Court and other jurisdictions and concluded that the automobile exception to the warrant requirement is not limited to where there is probable cause to believe there is evidence of a crime in a vehicle; rather, the Court of Special Appeals determined that "a search is permitted when there is probable cause to believe that the car contains evidence of a crime **or** contraband." Id. at 472, 134 A.3d at 396 (emphasis in original). The Court of Special Appeals explained that marijuana in any amount remains contraband—i.e., goods that are unlawful to possess. See id. at 476, 134 A.3d at 398. As such, in Bowling, id. at 476, 134 A.3d at 398, the narcotics dog's alert provided probable cause to believe that contraband would be discovered in the

vehicle irrespective of the decriminalization of possession of less than ten grams of marijuana.[7]

## Other Jurisdictions' Case Law

Courts in other jurisdictions have addressed whether decriminalization—or, in one instance, legalization—of possession of a small amount of marijuana negates probable cause to search a vehicle based on an odor of marijuana. The view of the majority of other jurisdictions that have addressed the issue—four out of five jurisdictions, to be exact—is that decriminalization has no such effect. A sixth jurisdiction has determined that legalization of possession of a small amount of marijuana does not foreclose the existence of probable cause to search a vehicle upon detection of an odor of marijuana.

In Barclay, 398 A.2d at 798, the Supreme Judicial Court of Maine held that, despite a statute that made possession of a small amount of marijuana "a civil violation," marijuana remained contraband, and thus remained subject to seizure. In Barclay, id. at 796, a law enforcement officer stopped a vehicle that the defendant was driving because the vehicle's exhaust system appeared to be faulty. While at the driver's side of the vehicle, the law enforcement officer smelled marijuana smoke. See id. The law enforcement officer

---

[7]The Court of Special Appeals's holding in Bowling is consistent with prior case law in which the Court of Special Appeals and this Court have held that a drug detection dog's alert provides probable cause for the search of a vehicle. See McKoy v. State, 127 Md. App. 89, 101, 732 A.2d 312, 318 (1999) (The Court of Special Appeals held that a law enforcement officer did not unreasonably detain the defendant by conducting a traffic stop during which a narcotics dog scanned a vehicle.); Wilkes v. State, 364 Md. 554, 565, 586, 774 A.2d 420, 426, 439 (2001) (This Court held that law enforcement officers had probable cause to search the defendant's vehicle and the defendant where a narcotics dog, accompanied by a licensed trained handler, alerted to the presence of drugs in the defendant's vehicle.).

searched the vehicle and found two pipes and several marijuana cigarette butts, which were tested and found to contain marijuana. See id. The defendant moved to suppress the marijuana, contending that the search was illegal because the Fourth Amendment does not permit a search for evidence of a civil violation. See id.

A trial court denied the motion to suppress, and the Supreme Judicial Court of Maine affirmed. See id. at 796, 798. In Barclay, id. at 797, the Court concluded that the law enforcement officer "had probable cause to believe that the vehicle in question contained marijuana. When [the officer] arrived at the driver's window, he detected the odor of marijuana smoke emanating from the interior of the vehicle. That odor was sufficient to establish probable cause to search." The Court determined that a law enforcement officer may search for goods whose possession is punishable only by a civil violation, as such goods can be the subject of a search warrant under Maine statutes. See id. at 797-98. The Court specifically stated that "marijuana, notwithstanding its new status under [a Maine statute], is still contraband and thus subject to seizure." Id. at 798.

In Smalley, 225 P.3d at 848, the Court of Appeals of Oregon determined that, notwithstanding a statute that made possession of less than an ounce of marijuana a civil violation, marijuana in any amount still constituted contraband. In Smalley, id. at 845, a law enforcement officer stopped a vehicle in which the defendant was a passenger. The driver consented to a search of the vehicle, and the law enforcement officer noticed an odor of marijuana coming from a backpack behind the driver's seat. See id. The law enforcement officer searched the backpack and discovered marijuana, and the defendant admitted that the backpack belonged to him. See id. The defendant moved to suppress the

marijuana, contending that the search violated the Oregon Constitution's counterpart to the Fourth Amendment. See id.

A trial court granted the motion to suppress, and the Court of Appeals of Oregon reversed. See id. at 845, 848. The Court concluded that the law enforcement officer had probable cause to believe that the backpack contained "at least some amount of contraband" based on the officer's testimony concerning the odor of marijuana emanating from the backpack. See id. at 847. The defendant contended that a law enforcement officer cannot search for marijuana without probable cause to believe that there is a criminal amount of marijuana. See id. at 848. The Court rejected this contention and concluded that a law enforcement officer may conduct a warrantless search for "contraband or crime evidence" where there is probable cause to believe that such items are in a container in a vehicle. Id. at 848 (citation and emphasis omitted). The Court explained that the phrase "contraband or crime evidence" indicated that the two were not identical, and "that probable cause to believe in the presence of either could justify an automobile search." Id. (citation omitted). Thus, the Court determined that a law enforcement officer could search for goods that were contraband, even if the goods did not constitute evidence of a crime. See id. The Court observed that, under both its legal definition and its common definition, "contraband" includes anything that is illegal to possess—which encompasses marijuana in any amount. See id.

In Waxler, 224 Cal. App. 4th at 715, a Court of Appeal of California held that, despite a statute under which possession of less than an ounce of marijuana was punishable only by a fine, a law enforcement officer has probable cause to search a vehicle where the

law enforcement officer smells burnt marijuana emanating from the vehicle and sees burnt marijuana in a pipe in the vehicle.[8]  In Waxler, id. at 716, a law enforcement officer approached a parked vehicle in which the defendant was sitting in the driver's seat.  As the law enforcement officer got closer to the vehicle, he noticed an odor of burnt marijuana and saw a marijuana pipe that contained what appeared to be burnt marijuana.  See id.  The law enforcement officer searched the vehicle and found methamphetamine and a methamphetamine pipe.  See id.  The defendant moved to suppress, contending that the law enforcement officer lacked probable cause to believe that the defendant had been committing a crime.  See id. at 717.

A trial court denied the motion to suppress, and the Court of Appeal of California affirmed.  See id. at 716.  The Court noted that, despite the removal of incarceration as a possible penalty for possession of less than an ounce of marijuana, marijuana in any amount remained illegal, and thus still constituted contraband.  See id. at 721.  The Court stated that its holding was not limited to situations where a law enforcement officer sees or smells more than an ounce of marijuana; instead, a law enforcement officer has probable cause to search a vehicle where the law enforcement officer detects marijuana in any amount.  See id. at 725.  Specifically, the Court concluded that the law enforcement officer "had probable cause to believe [the defendant]'s truck contained contraband after smelling burnt marijuana near the truck and seeing burnt marijuana in the truck, irrespective of whether possession of up to an ounce of marijuana is an infraction and not an arrestable offense."

---

[8]In 2016, after the Court of Appeal of California's decision in Waxler, California legalized possession of a small amount of marijuana.  See supra note 1.

Id. at 721 (citation omitted).  The Court noted that other jurisdictions had reached similar conclusions.  See id.

In Ortega, 749 N.W.2d at 853-54, the Court of Appeals of Minnesota held that the odor of marijuana provides probable cause to search a vehicle, notwithstanding a statute under which possession of a small amount of marijuana was not a crime.  In Ortega, id. at 852, a law enforcement officer stopped a vehicle in which the defendant was a passenger. The law enforcement officer noticed an odor of burnt marijuana coming from the vehicle's passenger compartment.  See id.  The driver consented to a search of the vehicle, and the law enforcement officer asked the defendant to exit the vehicle.  See id.  The law enforcement officer patted down the defendant, who handed over a pocket knife and a small amount of marijuana.  See id.  A narcotics dog alerted to the vehicle's center console and the seat where the defendant had been sitting.  See id.  The law enforcement officer searched the vehicle's center console and found a rolled-up dollar bill with cocaine on it. See id. at 852-53.  The law enforcement officer searched the defendant more thoroughly and found a folded dollar bill with cocaine on it.  See id. at 853.  The defendant moved to suppress the cocaine.  See id. at 853.

A trial court denied the motion to suppress, and the Court of Appeals of Minnesota affirmed.  See id. at 852.  The Court concluded that the law enforcement officer had probable cause to search the vehicle based on the odor of marijuana.  See id. at 854.  The Court also determined that the law enforcement officer had probable cause to search the defendant after he handed over a noncriminal amount of marijuana because, whether detected by sight or smell, the presence of marijuana in any amount in one location

indicates that there may be more in another location. See id. Specifically, the Court held that the law enforcement officer had probable cause to search the defendant "for a criminally significant quantity of marijuana upon smelling the odor of marijuana emanating from within the vehicle," and that the officer "had an independent basis for probable cause when [the defendant] later also handed [the officer] the small, noncriminal amount of marijuana from his pocket." Id.

In Zuniga, 372 P.3d at 1060, the Supreme Court of Colorado held that a law enforcement officer had probable cause to search a vehicle where, among other circumstances, the law enforcement officer smelled an odor of marijuana. In Zuniga, id. at 1054, the law enforcement officer stopped a vehicle in which the defendant was a passenger. As he approached the passenger-side window, the law enforcement officer noticed a strong odor of fresh marijuana. See id. The law enforcement officer spoke with the defendant and the driver, who exhibited extreme nervousness and provided inconsistent information. See id. at 1055. A law enforcement officer had a narcotics dog scan the vehicle, and the narcotics dog alerted to the vehicle's rear hatch, which contained a duffel bag. See id. The law enforcement opened the duffel bag and found marijuana inside. See id. The law enforcement officer then opened a cooler that had been next to the duffel bag, and found more marijuana inside. See id. The defendant admitted that the marijuana in both containers was his. See id. The defendant moved to suppress the marijuana, and a trial court granted the motion to suppress, determining that the law enforcement officer lacked probable cause to search the vehicle. See id.

The government appealed, and the Supreme Court of Colorado reversed. See id. at

1056, 1060. The Court determined that the trial court erred in disregarding the odor of marijuana in its analysis of probable cause; the Court explained that, even though possession of up to an ounce of marijuana is legal under Colorado law, several other marijuana-related activities remained unlawful. See id. at 1059-60. Specifically, the Court stated: "[T]he odor of marijuana remains relevant to probable cause determinations and can support an inference that a crime is ongoing even though possession of one ounce or less of marijuana is allowed under Colorado law." Id. at 1060. Accordingly, the Court concluded that an odor of marijuana suggests criminal activity, and remains relevant to an analysis of probable cause. See id.

By contrast, in Commonwealth v. Overmyer, 11 N.E.3d 1054, 1060 (Mass. 2014), the Supreme Judicial Court of Massachusetts concluded that the odor of fresh marijuana did not give rise to probable cause to search a vehicle. In Overmyer, id. at 1055-56, law enforcement officers responded to a vehicle collision in which the defendant's vehicle had rear-ended another vehicle. The law enforcement officers noticed a strong odor of fresh marijuana near the defendant's vehicle. See id. at 1056. One of the law enforcement officers asked the defendant whether his vehicle contained marijuana, and the defendant responded in the affirmative and provided the key to his vehicle's glove compartment. See id. One of the law enforcement officers found a bag of marijuana in the defendant's vehicle's glove compartment. See id. After removing the bag of marijuana, the law enforcement officers continued to detect a strong odor of marijuana in the defendant's vehicle. See id. One of the law enforcement officers questioned the defendant, who eventually admitted that his vehicle contained more marijuana. See id. One of the law

enforcement officers found a backpack in the defendant's vehicle's backseat; the backpack contained more marijuana. See id. The defendant moved to suppress all of the marijuana found in his vehicle. See id. at 1057. A trial court denied the motion to suppress as to the bag that was in the defendant's vehicle's glove compartment, but granted the motion to suppress as to the marijuana that was in the backpack. See id. The State appealed, and, while Overmyer was pending in the intermediate appellate court, the Supreme Judicial Court of Massachusetts transferred the case on its own initiative. See id.

The Court vacated the trial court's grant of the motion to suppress, and remanded with instructions to determine whether the law enforcement officers had probable cause to arrest the defendant after they seized the marijuana in the glove compartment. See id. at 1060. The Court noted that, in an earlier case, Commonwealth v. Cruz, 945 N.E.2d 899, 910 (Mass. 2011), the Court had held that, because Massachusetts's legislature had made possession of one ounce or less of marijuana "a civil violation," the odor of burnt marijuana alone did not suggest criminal activity. See Overmyer, 11 N.E.3d at 1058. Addressing the circumstance of fresh marijuana in Overmyer, id., the Court reasoned that, although the strength of the odor of fresh marijuana could correlate to the amount of marijuana more closely than the strength of the odor of burnt marijuana, it did not follow that a strong odor of fresh marijuana indicated a criminal amount, which was necessary to establish probable cause. The Court observed that the record contained "no evidence that the officers [] had undergone specialized training that, if effective, would allow them reliably to discern, by odor, not only the presence and identity of a controlled substance, but also its weight." Id. at 1059. The Court opined:

In sum, we are not confident, at least on this record, that a human nose can discern reliably the presence of a criminal amount of marijuana, as distinct from an amount subject only to a civil fine. In the absence of reliability, a neutral magistrate would not issue a search warrant, and therefore a warrantless search is not justified based solely on the smell of marijuana, whether burnt or unburnt.

Id. at 1059-60 (citations and internal quotation marks omitted).

**Analysis**

Upon careful consideration of the Fourth Amendment jurisprudence of the Supreme Court, Bowling, and authority from other jurisdictions that have addressed the decriminalization—or, in one instance, the legalization—of marijuana, we conclude that a law enforcement officer has probable cause to search a vehicle where the law enforcement officer detects an odor of marijuana emanating from the vehicle.

Our logic is straightforward. Decriminalization is not the same as legalization. Despite the decriminalization of possession of less than ten grams of marijuana, possession of marijuana in **any** amount remains illegal in Maryland. To be sure, the amended marijuana statute changed the categorization of, and maximum penalty for, possession of less than ten grams of marijuana. Specifically, possession of less than ten grams of marijuana is now categorized as a civil offense rather than a crime, and it is punishable by a fine, participation in a drug education program, an assessment for substance abuse disorder, and possible substance abuse treatment, rather than a fine and/or a period of incarceration. Decriminalization notwithstanding, however, the possession of less than ten grams of marijuana—*i.e.*, the possession of any amount of marijuana—remains illegal. See Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2016 Supp.) § 5-601(c).

- 33 -

Petitioners contend that the General Assembly's intent in decriminalizing possession of less than ten grams of marijuana is irrelevant to the issue of whether probable cause exists to search a vehicle based on the odor of marijuana. Although not dispositive of whether a law enforcement officer may search a vehicle upon detection of the odor of marijuana, we observe that the relevant statutes' plain language and legislative history support the conclusion that the General Assembly did not intend to preclude a search of a vehicle based on the odor of marijuana. In changing the classification of possession of less than ten grams of marijuana from a "misdemeanor" to "a civil offense," the General Assembly made clear that possession of marijuana in any amount is still illegal. See 2014 Md. Laws. 1119 (Vol. II, Ch. 158, S.B. 364). Significantly, when decriminalizing possession of less than ten grams of marijuana, the General Assembly added Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5-601(d)(2), which states that the decriminalization "may not be construed to affect the laws relating to . . . seizure and forfeiture." See 2014 Md. Laws. 1122 (Vol. II, Ch. 158, S.B. 364) (paragraph break omitted). As to laws relating to seizure, since 2002, Md. Code Ann., Crim. Proc. (2001, 2002 Supp.) § 12-201(a)(1) has stated: "A Schedule I substance listed in § 5-402 of the Criminal Law Article shall be seized and summarily forfeited to the State if the substance is[] possessed, transferred, sold, or offered for sale in violation of the Controlled Dangerous Substances law[.]" (Paragraph break omitted). Marijuana is, and has been, a Schedule I substance subject to seizure and forfeiture. See Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) § 5-402(d)(1)(vii).

In other words, the plain language of the relevant statutes demonstrate that the

General Assembly expressly indicated that decriminalization of possession of less than ten grams of marijuana does not mean that law enforcement officers can no longer seize marijuana. Indeed, Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5-601(d)(2) plainly provides that the provisions "making the possession of marijuana a civil offense may not be construed to affect the laws relating to . . . seizure and forfeiture." (Paragraph break omitted). Thus, under the plain language of the statutes, marijuana remains a Schedule I substance that is subject to seizure and forfeiture, notwithstanding the circumstance that possession of less than ten grams of marijuana is now a civil offense. By definition, if law enforcement officers may still seize marijuana, then law enforcement officers may still search for marijuana.

The legislative history of the amended statute also makes clear that the General Assembly did not intend to preclude a search of a vehicle based on the odor of marijuana or to otherwise alter the seizure and forfeiture of marijuana. As the Court of Special Appeals has observed with respect to the statute's legislative history:

> On April 1, 2014, at the hearing to discuss Senate Bill 364, members of the House Judiciary Committee questioned whether this bill, as initially drafted, would cause a change in the existing law authorizing police officers to search a car based on a K-9 alert. Senator Robert Zirkin, one of the sponsors of the bill, testified that this was not a problem in most states that had decriminalized small amounts of marijuana, but he stated that, if the General Assembly wanted to make that clear, it could amend the bill.
>
> On April 5, 2014, the House Judiciary Committee adopted an amendment to address this issue. This amendment added the [] language regarding seizure and forfeiture, which ultimately was codified at [Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.)] § 5-601(d)[.]
>
> . . .

In light of the foregoing, it is clear that the [] General Assembly intended that marijuana remain classified as "contraband," and that the decriminalization of small amounts of marijuana would not affect existing case law allowing officers to search a vehicle based upon a K-9 alert to the smell of marijuana.

Bowling, 227 Md. App. at 474-75, 134 A.3d at 397 (citations omitted). In addition to the testimony referenced in Bowling, at the same hearing, Senator Zirkin testified that "[t]he intention of this bill is not to stop what would be right now a lawful search incident to arrest." See Crim. L. Possession of Marijuana Civ. Offense: Hearing on S.B. 364 Before the Sen. Jud. Comm., 2014 Reg. Sess. (Md. Apr. 1, 2014). Senator Zirkin clarified that "[t]his is not legalization." Id. The legislative history, and the enactment of Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5-601(d), make clear that the decriminalization of possession of small amounts of marijuana was not to affect existing case law allowing law enforcement officers to search a vehicle based not only upon a K-9 alert to the smell of marijuana, but also based upon a law enforcement officer's own detection of the smell of marijuana. In short, the statute's plain language and legislative history demonstrate that the General Assembly, in decriminalizing possession of small amounts of marijuana, did not intend to otherwise alter existing case law concerning the search, seizure, and forfeiture of marijuana, which remains illegal.

Aside from the statute's plain language and legislative history, in our independent assessment of the issue, we conclude that a warrantless search of a vehicle is permissible upon detection of the odor of marijuana emanating from the vehicle. For purposes of the Fourth Amendment, probable cause to search exists where a person of reasonable caution would believe "that contraband or evidence of a crime is present." Harris, 133 S. Ct. at

1055 (citations omitted); see also Houghton, 526 U.S. at 304 ("contraband or evidence of criminal wrongdoing"); Brown, 460 U.S. at 742 ("contraband or stolen property or useful as evidence of a crime"). The Supreme Court's use of the phrase "contraband **or** evidence of a crime" demonstrates that the terms "contraband" and "evidence of a crime" have different meanings. In our view, "contraband" means goods that are **illegal** to possess, regardless of whether possession of the goods is a crime. The definition of "contraband" that we adopt is warranted by the Supreme Court's conclusion in Carroll, 267 U.S. at 158-59, that a law enforcement officer can search a vehicle based on probable cause to believe that the vehicle's contents are contraband, even if the law enforcement officer cannot arrest the driver.

The conclusion that the terms "contraband" and "evidence of a crime" are not synonymous is supported by the plain meaning of the word "contraband." Significantly, the words "crime" and "criminal" do not appear in the definitions of "contraband" in both Black's Law Dictionary and Merriam-Webster. Black's Law Dictionary defines contraband, in relevant part, as "[g]oods that are **unlawful** to import, export, produce, or possess." Contraband, Black's Law Dictionary (10th ed. 2014) (emphasis added). Similarly, Merriam-Webster defines contraband, in relevant part, as "goods or merchandise whose importation, exportation, or possession is **forbidden**[.]" Contraband, Merriam-Webster, http://www.merriam-webster.com/dictionary/contraband [https://perma.cc/PDL8-V83L] (emphasis added). These definitions support the conclusion that marijuana in any amount constitutes contraband. Moreover, if "contraband" and "evidence of a crime" had the same meaning, then it would have been superfluous for the Supreme Court

to have included "contraband" in its explanation of probable cause.

We recognize that Petitioners argue that the contraband in Carroll, namely, the prohibited alcohol, was a crime to possess, and that the term "contraband" refers to items that are criminal to possess. The fallacy of this argument is that, in Carroll, the Supreme Court concluded that ability to search does not depend on the suspected offense being an offense for which arrest is authorized. Petitioners rely on Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 296 (1967) for the proposition that the Supreme Court considered the term "contraband," and concluded that, in the context of the Fourth Amendment, items that may be searched for include "the instrumentalities and means by which a crime is committed, the fruits of crime such as stolen property, weapons by which escape of the person arrested might be effected, and property the possession of which is a crime." (Footnote and internal quotation marks omitted). This reliance is misplaced. We observe that in Hayden, the Supreme Court sought to describe items that may be seized pursuant to the execution of a search and seizure warrant of a home after a determination of probable cause has been made. Accordingly, in Hayden, id. at 307, the Supreme Court determined that there must be a nexus between the items to be seized and the criminal behavior at issue, *i.e.*, the criminal behavior that necessitated the need for the warrant. With its holding in Hayden, the Supreme Court sought to define the permissible scope for the seizure of items from a home upon the execution of a search warrant, and thereby to ensure that seizures in such circumstances would not be unnecessarily broad or intrusive. This is vastly different from describing whether a law enforcement officer has probable cause to conduct a warrantless search of a vehicle based on the belief the vehicle contains contraband or

evidence of a crime. The suggestion that the definition of "contraband" for purpose of the warrantless search of an automobile is limited to "property the possession of which is a crime" appears nowhere in the Supreme Court's decision in Hayden.

We note that, in each of the three instant cases, the first question presented in the petition for a writ of *certiorari* referred to the circumstance that, according to law enforcement testimony, the odor of marijuana was either strong (in Williams and Spriggs) or overwhelming (in Robinson). Rather than cabining our holding to the requirement that the odor must be strong or overwhelming, we conclude that the odor of marijuana provides probable cause to search a vehicle. As discussed above, marijuana in any amount, no matter how small, is contraband; accordingly, the odor of marijuana constitutes probable cause to search a vehicle. In other words, for purposes of probable cause, there is no distinction between the significance of a criminal amount of marijuana versus the significance of a noncriminal—but still illegal—amount of marijuana. As the parties acknowledge, it is effectively impossible for law enforcement officers to identify a quantity of marijuana based on odor alone. Indeed, according to the law enforcement officers' testimony in the instant cases, the strength of the odor of marijuana and the amount of marijuana do not always correlate, and even a small amount of the most powerful grade of marijuana may have a strong odor. Thus, requiring that law enforcement officers detect a strong or overwhelming odor of marijuana to have probable cause to conduct a warrantless search a vehicle would serve no useful purpose.

We join the Court of Special Appeals and courts in other jurisdictions in holding that marijuana remains contraband, despite the decriminalization of possession of small

amounts of marijuana, and that, as such, the odor of marijuana constitutes probable cause for the search of a vehicle.  In Bowling, 227 Md. App. at 476, 134 A.3d at 398, the Court of Special Appeals held that, notwithstanding the decriminalization of possession of less than ten grams of marijuana in Maryland, a narcotics dog's alert provides probable cause to search a vehicle.  In Barclay, 398 A.2d at 798, the Supreme Judicial Court of Maine held that marijuana was contraband even though a Maine statute made possession of a small amount of marijuana "a civil violation."  In Smalley, 225 P.3d at 848, the Court of Appeals of Oregon held that marijuana in any amount is contraband, despite an Oregon statute under which possession of less than an ounce of marijuana is a civil violation.  And, in Waxler, 224 Cal. App. 4th at 715, a Court of Appeal of California held that a law enforcement officer has probable cause to search a vehicle where the law enforcement officer smells burnt marijuana and sees burnt marijuana in a pipe in the vehicle, notwithstanding a California statute that made possession of less than an ounce of marijuana punishable only by a fine.  In Ortega, 749 N.W.2d at 853-54, the Court of Appeals of Minnesota concluded that the odor of marijuana gave rise to probable cause to search a vehicle, even though possession of a small amount of marijuana was not a crime in the state.  And, in Zuniga, 372 P.3d at 1060, the Supreme Court of Colorado determined that there was probable cause to search a vehicle where, among other things, a law enforcement officer detected the odor of marijuana, even though possession of up to one ounce of marijuana is legal in Colorado.

At oral argument, Petitioners' counsel contended that Barclay, Smalley, Waxler, Ortega, and Zuniga are unpersuasive because the cases allegedly involve a mechanical application of the term "contraband," and the respective appellate courts did not analyze

- 40 -

whether the Carroll doctrine applies to items that are not criminal, but rather are illegal, to possess. We disagree. Although the appellate courts in other jurisdictions did not explicitly mention the Carroll doctrine by name, each court determined that probable cause existed to search a vehicle based on the odor of marijuana where the State had decriminalized—or, in one instance, legalized—possession of marijuana. In Barclay, Smalley, and Waxler, the appellate courts specifically determined that marijuana was contraband notwithstanding its decriminalization; it was still illegal to possess marijuana. In those three cases, the appellate courts applied the principle that a law enforcement officer may conduct a warrantless search of a vehicle where the law enforcement officer has probable cause to believe that the vehicle contains contraband, and the appellate courts came to the conclusion that a noncriminal amount of marijuana remains contraband. See Barclay, 398 A.2d at 798; Smalley, 225 P.3d at 848; Waxler, 224 Cal. App. 4th at 720. In Ortega, 749 N.W.2d at 853-54, and Zuniga, 372 P.3d at 1060, the appellate courts reached similar conclusions. This is entirely consistent with the Supreme Court's holding in Carroll, 267 U.S. at 158-59, that the existence of probable cause to search a vehicle does not depend on the ability to arrest.[9]

---

[9]We note that, in Bowling, 227 Md. App. at 470, 134 A.3d at 394, the Court of Special Appeals distinguished the case of State v. Crocker, 97 P.3d 93 (Alaska Ct. App. 2004), on which the defendant in Bowling relied, explaining:

> In *Crocker*, the Court of Appeals of Alaska held that the "strong odor of growing marijuana" did not constitute probable cause to support a search warrant for Crocker's house because, in Alaska, it is legal to possess less than four ounces of marijuana for personal use in the home. [97 P.3d] at 95, 97. The court held that the warrant application needed to establish probable cause

We decline to follow Overmyer, 11 N.E.3d at 1057-58, in which the Supreme Judicial Court of Massachusetts held that an odor of marijuana does not provide probable cause to search a vehicle; in so holding, the Court equated "contraband" with criminal goods. We decline to adopt the Court's reasoning, as we do not see a basis for determining the existence of criminal contraband as opposed to other types of contraband. As discussed above, the term "contraband" includes more than items or goods that are criminal to possess, but may also include items or goods that are simply illegal to possess.

Overmyer has the effect of precluding all warrantless searches of vehicles based on the odor of marijuana, which would not be a salutary development in Maryland. The Supreme Judicial Court of Massachusetts theorized that it may be possible for a law enforcement officer to be trained to gauge the amount of marijuana based on odor alone, but based its holding on the circumstance that the record did not demonstrate that a law enforcement officer could discern a criminal amount of marijuana. See Overmyer, 11 N.E.3d at 1059. It is unclear, however, whether the training to which that Court referred would ever be possible at all, let alone effective. Thus, were we to adopt the rationale of Overmyer, unless law enforcement officers were trained to detect by odor alone the

---

that the possession of marijuana was illegal. *Id.* at 94. That case is inapposite because, as explained, possession of marijuana in any amount remains illegal in Maryland.

We observe that, in addition to possession of marijuana in any amount remaining illegal in Maryland as opposed to the circumstance in Alaska where statutes provided that adults may possess any amount less than four ounces of marijuana in the home for personal use, Crocker, 97 P.3d at 94, is further distinguishable because it involved execution of a search warrant of a home, and not a warrantless search of a vehicle.

difference between less than ten grams of marijuana and ten grams or more of marijuana, law enforcement officers would not be able to conduct warrantless searches of vehicles based on the odor of marijuana. This would permit a myriad of crimes to go undetected.

Indeed, at oral argument and in its brief, the State argued that, separate from the odor of marijuana providing probable cause to believe that a vehicle contains contraband, the odor of marijuana provides probable cause to believe that a vehicle contains evidence of a crime. Put simply, we agree. Despite the decriminalization of possession of less than ten grams of marijuana, the odor of marijuana remains evidence of a crime. The odor of marijuana emanating from a vehicle may be just as indicative of crimes such as the possession of more than ten grams of marijuana, possession of marijuana with the intent to distribute, or the operation of a vehicle under the influence of a controlled dangerous substance, as it is of possession of less than ten grams of marijuana. As explained above, it is unreasonable to expect law enforcement officers to determine, based on odor alone, the difference between 9.99 grams or less of marijuana and 10 grams of marijuana. In short, possession of ten grams or more of marijuana, crimes involving the distribution of marijuana, and driving under the influence of a controlled dangerous substance have not been decriminalized in Maryland, and, thus, the odor of marijuana emanating from a vehicle provides probable cause to believe that the vehicle contains evidence of a crime, and a law enforcement officer may search the vehicle under such circumstances.

We find no merit in the contention that it is unreasonable to permit law enforcement officers to conduct a warrantless search of a vehicle based on the odor of marijuana. Petitioners argue that Carroll and its progeny do not answer the question of whether it is

reasonable to permit law enforcement officers to search for noncriminal items, and that warrantless searches should not be permitted where officers could not obtain a search warrant. In Maryland, marijuana, in any amount, is a Schedule I substance. See Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) § 5-402(d)(1)(vii). By statute, all Schedule I substances are subject to seizure and summary forfeiture "to the State if the substance[] is possessed, transferred, sold, or offered for sale in violation of the Controlled Dangerous Substances [L]aw[.]" Md. Code Ann., Crim. Proc. (2001, 2002 Supp.) § 12-201(a)(1) (paragraph break omitted). Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5-601(c)(2)(ii), which makes possession of less than ten grams of marijuana a civil offense, is part of the Controlled Dangerous Substances Law. And Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5-601(d)(2) provides that the provisions "making the possession of marijuana a civil offense may not be construed to affect the laws relating to . . . seizure and forfeiture." (Paragraph break omitted). Because marijuana, in any amount, is subject to seizure and forfeiture, it can be the legitimate object of a search warrant, notwithstanding the circumstance that possession of less than ten grams of marijuana is a civil offense. Indeed, Md. Code Ann., Crim. Proc. (2001, 2008 Repl. Vol., 2014 Supp.) § 1-203(a)(1)(ii) provides that "[a] circuit court judge or District Court judge may issue forthwith a search warrant whenever it is made to appear to the judge, by application . . . , that there is probable cause to believe that[] property subject to seizure under the criminal laws of the State is on the person or in or on the building, apartment, premises, place, or thing." (Paragraph break omitted). The seizure of Schedule I substances is authorized under the criminal laws of the State of Maryland, and nothing in

Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5-601 purported to alter the classification of marijuana as a Schedule I substance. Because marijuana is property subject to seizure under the criminal laws of the State, a search warrant may be obtained.

We observe that our holding in the instant cases does not in any way impede the ability of eligible persons to possess and/or use marijuana for medical purposes. Under Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2016 Supp.) § 5-601(c)(3)(iii)1, in a prosecution for possession or use of marijuana, a defendant may raise as an affirmative defense the circumstances that "the defendant has a debilitating medical condition that has been diagnosed by a physician with whom the defendant has a bona fide physician-patient relationship"; "the debilitating medical condition is severe and resistant to conventional medicine"; and "marijuana is likely to provide the defendant with therapeutic or palliative relief from the debilitating medical condition." (Paragraph breaks omitted). Under Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2016 Supp.) § 5-601(c)(3)(iii)2A, in a prosecution for possession of marijuana, a defendant may raise as an affirmative defense the circumstance that "the marijuana was intended for medical use by an individual with a debilitating medical condition for whom the defendant is a caregiver." Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2016 Supp.) § 5-601(c)(3)(iii)3A and B provide that a defendant may not raise an affirmative defense if the defendant was either "using marijuana in a public place or assisting the individual for whom the defendant is a caregiver in using the marijuana in a public place" or "in possession of more than 1 ounce of marijuana."

Code of Maryland Regulations ("COMAR") 10.62.04.02 and 10.62.04.04 require medical marijuana patients and caregivers, respectively, to apply for registration with the

Natalie M. LaPrade Maryland Medical Cannabis Commission ("the Cannabis Commission").[10] COMAR 10.62.06.01 and 10.62.06.02 enable medical marijuana patients and caregivers, respectively, to apply for Cannabis Commission-issued identification cards that include the registration numbers that the Cannabis Commission has assigned to the medical marijuana patients and caregivers.

Further, Md. Code Ann., Health-Gen. (1982, 2015 Repl. Vol.) § 13-3313(a) provides, in pertinent part, as follows:

> Any of the following persons acting in accordance with the provisions of this subtitle may not be subject to arrest, prosecution, or any civil or administrative penalty, including a civil penalty or disciplinary action by a professional licensing board, or be denied any right or privilege, for the medical use of cannabis:
>
> (1) A qualifying patient:
>   (i) In possession of an amount of medical cannabis determined by the [Cannabis] Commission to constitute a 30-day supply; or
>   (ii) In possession of an amount of medical cannabis that is greater than a 30-day supply if the qualifying patient's certifying physician stated in the written certification that a 30-day supply would be inadequate to meet the medical needs of the qualifying patient;
>
> . . .
>
> (4) A caregiver[.[11]]

---

[10]In 2013, the General Assembly authorized the Cannabis Commission, which was originally entitled the Natalie M. LaPrade Medical Marijuana Commission. See 2013 Md. Laws 3625 (Vol. IV, Ch. 403, H.B. 1101). The General Assembly directed that the Cannabis Commission would be independent, but would function within the Department of Health and Mental Hygiene. See id. at 3623. In 2015, the General Assembly gave the Cannabis Commission its current name. See 2015 Md. Laws 1164 (Vol. II, Ch. 251, H.B. 490).

[11]The Cannabis Commission's website advises medical marijuana patients that, if a law enforcement officer stops them, they do not have to disclose that they possess marijuana, and do not have to consent to a search; however, if a law enforcement officer

Permitting law enforcement officers to conduct a warrantless search of a vehicle based on the odor of marijuana will have no effect upon the statutes and regulations pertaining to medical marijuana.

## Conclusion

For the reasons set forth above, we hold that a law enforcement officer has probable cause to search a vehicle where the law enforcement officer detects an odor of marijuana emanating from the vehicle, as marijuana in any amount remains contraband, notwithstanding the decriminalization of possession of less than ten grams of marijuana; and the odor of marijuana gives rise to probable cause to believe that the vehicle contains contraband or evidence of a crime. Applying our holding to the instant cases, we conclude that there was probable cause to search the vehicles in question, based on a law enforcement officer having detected an odor of marijuana coming from a vehicle that Petitioner had been driving or in possession of. Accordingly, we affirm the judgments of the Court of Special Appeals.

**IN CASE NO. 37, JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.**

**IN CASE NO. 39, JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.**

conducts a search and finds marijuana, a medical marijuana patient should offer his or her Cannabis Commission-issued identification card and direct the law enforcement officer to the Cannabis Commission's database. See Patients FAQ's, Natalie M. LaPrade Maryland Medical Cannabis Commission (updated Dec. 7, 2016), http://mmcc.maryland.gov/pages/patients/patients_faq.aspx [https://perma.cc/P8XH-T7XB].

**IN CASE NO. 46, JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.**