REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1121

September Term, 2015

_____

JOSHUA PAUL BOWLING

v.

STATE OF MARYLAND

_____

Graeff,
Friedman,
Thieme, Raymond G., Jr.
   (Retired, Specially Assigned),

JJ.

_____

Opinion by Graeff, J.

_____

Filed:  March 31, 2016

On February 20, 2015, Joshua Paul Bowling, appellant, was charged by criminal information in the Circuit Court for Wicomico County with possession of marijuana with the intent to distribute, as well as other drug related offenses and several traffic offenses.[1] Appellant subsequently filed a motion to suppress, which the circuit court denied. On June 17, 2015, appellant entered a conditional plea of guilty on the charge of possession of marijuana with the intent to distribute, and the State entered a nolle prosequi on each of the remaining counts.[2]

On appeal, appellant raises the following issue for this Court's review:

> Did the positive alert of a drug dog that is certified to detect marijuana, along with other controlled dangerous substances, furnish probable cause to search appellant's motor vehicle, given the decriminalization of small amounts of marijuana and the drug dog's inability to distinguish between the odor of less than 10 grams of marijuana and 10 or more grams of marijuana?

For the reasons set forth below, we answer that question in the affirmative, and accordingly, we shall affirm the judgment of the circuit court.

---

[1] Appellant was charged with the following six counts: Possession of a controlled dangerous substance ("CDS") with intent to distribute–marijuana (Count 1); Possession of CDS–not marijuana (Count 2); Possession of CDS–Marijuana (Count 3); Driving with a suspended license (Count 4); Failing to signal before a stop or turn (Count 5); and Failing to display license on demand (Count 6).

[2] Pursuant to Maryland Rule 4-242(d)(2), a "defendant may enter a conditional plea of guilty" and "reserve the right to appeal one or more issues specified in the plea that (A) were raised by and determined adversely to the defendant, and, (B) if determined in the defendant's favor would have been dispositive of the case." Appellant reserved the right to appeal the issue presented here, i.e., whether the dog alert provided probable cause to search the vehicle, as well as the issue whether the police had reasonable suspicion to suspect that his license was suspended. In his brief, however, he states that he waives consideration of the latter issue.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 2, 2015, at approximately noon, Officer Brian Barr, a member of the Salisbury Police Department, was patrolling in his vehicle in Salisbury, Maryland. Officer Barr saw appellant driving, and due to prior dealings with appellant, including a stop for driving under the influence ("DUI"), to which appellant had pleaded guilty, Officer Barr believed that appellant's driver's license was suspended.[3]

Officer Barr decided to follow appellant's vehicle, and he observed appellant fail to signal during two turns. After appellant made the second illegal turn, Officer Barr activated his lights and initiated a traffic stop.

When Officer Barr approached appellant's vehicle, he noticed that appellant's hands were shaking, appellant was avoiding eye contact, and he "appeared very nervous." Appellant provided Officer Barr with a "Maryland ID card" and the vehicle's registration, and Officer Barr returned to his vehicle to continue the traffic stop.[4]

At that point, given appellant's suspicious behavior, and Officer Barr's knowledge that appellant had an "extensive history with controlled dangerous substances,"

---

[3] Officer Barr also testified that, one day earlier, he had overheard police dispatch inform another Salisbury officer on the radio that appellant's driver's license was suspended.

[4] It appears that the card appellant provided to Officer Barr was not a Maryland driver's license, which grants the general privilege to drive a vehicle on public roads, but rather, a Maryland identification card, which is issued by the Maryland Vehicle Administration "solely for the purpose of identification" and "does not convey or provide any driving privilege in this or any other state." *See Gwin v. Motor Vehicle Admin.*, 385 Md. 440, 447 n.2, *cert. denied*, 385 Md. 440 (2005).

Officer Barr called for a K-9 unit. As Officer Barr was getting into his vehicle, appellant got out of his vehicle. For safety reasons, Officer Barr told appellant to get back into his vehicle. He explained: "It's very dangerous for an officer to have his or her head down doing any paperwork that is needed to be done to continue a traffic stop while a subject that has been stopped is out of the car wandering around." Officer Barr's concern was increased in this case because he knew that appellant had a prior "weapons charge."

Appellant responded that he could not get back in his car because he had locked the keys inside and could not open the door. At that point, for safety reasons, Officer Barr called for an additional officer to stand by appellant while Officer Barr completed the traffic stop. Officer Barr waited with appellant until backup arrived.

At 12:20 p.m., Deputy J.C. Richardson, a member of the Wicomico County Sheriff's Office, arrived on the scene with his drug dog, Diablo. Deputy Richardson testified that Diablo was certified and licensed to detect the odors of marijuana, cocaine, heroin, methamphetamines, and MDMA (ecstasy). Diablo's behavioral signals that alert that he has detected the presence of CDS were the same for all five drugs. The dog's sense of smell was sensitive enough to pick up minute amounts of a substance, and Diablo could not communicate the amount of a substance detected.

Deputy Richardson had Diablo sniff the exterior of appellant's vehicle. Diablo alerted when passing the rear driver's side door.

After the K-9 alert, another officer arrived to watch appellant, and Officer Barr continued with the traffic stop. He confirmed that appellant's driver's license was, in fact, suspended. He arrested appellant for driving with a suspended license.

Because appellant's vehicle was locked with the keys inside, Officer Barr intended to tow the vehicle to the police station, where he would conduct an inventory search. When the tow truck arrived, however, the tow truck driver stated that it was company policy to open a vehicle and retrieve the keys if they could observe them inside.

After the tow truck driver opened appellant's vehicle, Officer Barr decided to search the vehicle at the scene, as opposed to the police station. The search revealed 198.2 grams of marijuana, a "smoking device," a scale, a large sum of cash, and a single OxyContin tablet (5 milligrams) inside a cigarette carton.

Prior to the date of trial, appellant filed a motion to suppress the evidence found in his car, raising two grounds. First, he argued that the initial traffic stop was unlawful. This argument was rejected and is not challenged on appeal.

Second, appellant argued, as he does on appeal, that Officer Barr lacked the legal authority to conduct a warrantless search of his vehicle, relying on the law passed by the Maryland General Assembly in 2014, which decriminalized possession of less than 10 grams of marijuana. Appellant asserted that, because Diablo could not distinguish between the quantity of marijuana that constituted a criminal offense and the quantity that constituted a civil offense, the dog's alert did not provide probable cause to believe a crime

had occurred, and therefore, the warrantless search of the vehicle violated his Fourth Amendment rights.

The State argued that, because Diablo could detect heroin, cocaine, methamphetamines, or MDMA, there was a fair probability that Diablo was alerting to the presence of these other drugs, and therefore, the alert provided Officer Barr with probable cause to search appellant's vehicle pursuant to the *Carroll* doctrine.[5] The State also argued that marijuana is still considered "contraband," even though the possession of small amounts of it results only in a civil infraction, and therefore, an officer properly could search for it if he or she had probable cause to believe that it was present in the vehicle.

On June 10, 2015, the circuit court denied appellant's motion. The court stated:

> [T]he dog in this case is trained to alert to the presence of marijuana, heroin, cocaine, methamphetamines, and MDMA. Diablo's alert was not limited to the presence of marijuana, where possession of a specified amount is not a criminal infraction. Based upon the alert in this case, the substance found could have been any number of illegal substances. This fact alone gave the officers sufficient probable cause to search the vehicle.

## DISCUSSION

Appellant contends that the circuit court "erred by ruling that an alert from a drug dog that can detect and alert to marijuana along with other substances provides probable cause to search a vehicle." He notes that, in 2014, the Maryland General Assembly decriminalized the possession of less than ten grams of marijuana, and therefore, he argues, at the time of his offense, possession of less than ten grams of marijuana was a civil offense,

---

[5] *See Carroll v. United States*, 267 U.S. 132 (1925).

which did not warrant searches and arrests. Appellant asserts that, because Diablo did not have the ability "to distinguish between a criminal quantity of marijuana and a noncriminal quantity," the alert did not provide probable cause to believe that evidence of a crime was present in the vehicle, as opposed to items associated with a civil infraction.[6]

The State contends that the circuit court properly denied appellant's motion to suppress. It asserts that a K-9 alert to the odor of marijuana, by itself, provides probable cause to believe that the vehicle contains contraband, and therefore, it permits a *Carroll* doctrine search of a vehicle, notwithstanding the recent decriminalization of possession of less than 10 grams of marijuana. Alternatively, it argues that the totality of the circumstances, including the K-9 alert, Officer Barr's knowledge of appellant's prior "weapons charge" and "extensive history of controlled dangerous substances," and appellant's nervousness during the traffic stop, provided the requisite probable cause to search appellant's vehicle.

---

[6] At the conclusion of his brief, appellant additionally argues that the dog sniff in this case was an unlawful search, stating that, because the dog was trained to alert to noncriminal items, i.e., less than 10 grams of marijuana, the rationale for holding that a canine sniff does not constitute a search does not apply. *See Illinois v. Caballes*, 543 U.S. 405, 408-09 (2005) ("[T]he use of a well-trained narcotics-detection dog—one that "does not expose noncontraband items that otherwise would remain hidden from public view" . . . during a lawful traffic stop, generally does not implicate legitimate privacy interests."). Appellant, however, did not argue below, or reserve in his conditional plea, the issue that the dog sniff itself was unlawful. Accordingly, we will not address this argument. *See Sutton v. FedFirst Fin. Corp.*, 226 Md. App. 46, 80 n.18 (2015), *cert. denied*, ___ Md. ___ (Feb. 22, 2016) (declining to address an argument that was not made below); Md. Rule 8-131(a) (Ordinarily, an appellate court will not decide an issue "unless it plainly appears by the record to have been raised in or decided by the trial court."); Md. Rule 4-242 (right to appeal pursuant to a conditional plea of guilty is "limited to those pretrial issues litigated in the circuit court and set forth in writing in the plea").

We have explained the applicable standard of review in addressing a ruling on a suppression motion as follows:

> We review a denial of a motion to suppress evidence seized pursuant to a warrantless search based on the record of the suppression hearing, not the subsequent trial. *State v. Nieves*, 383 Md. 573, 581, 861 A.2d 62 (2004). We consider the evidence in the light most favorable to the prevailing party, here, the State. *Gorman v. State*, 168 Md. App. 412, 421, 897 A.2d 242 (2006) (Quotation omitted). We also "accept the suppression court's first-level factual findings unless clearly erroneous, and give due regard to the court's opportunity to assess the credibility of witnesses." *Id.* "We exercise plenary review of the suppression court's conclusions of law," and "make our own constitutional appraisal as to whether an action taken was proper, by reviewing the law and applying it to the facts of the case." *Id.* "Although the underlying command of the Fourth Amendment is always that searches and seizures be reasonable, *what is reasonable depends on the context within which a search takes place*." *State v. Alexander*, 124 Md. App. 258, 265, 721 A.2d 275 (1998) (Emphasis added in *Alexander*) (quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 337, 105 S. Ct. 733, 83 L.Ed.2d 720 (1985)). On that issue, "the ultimate questions of reasonable suspicion and probable cause to make a warrantless search should be reviewed de novo." *Ferris v. State*, 355 Md. 356, 385, 735 A.2d 491 (1999) (quoting *Ornelas v. United States*, 517 U.S. 690, 691, 116 S. Ct. 1657, 134 L.Ed.2d 911 (1996)).

*Taylor v. State*, 224 Md. App. 476, 486-87, *cert. granted*, 445 Md. 487 (2015). With that standard of review in mind, we address whether the search here violated appellant's Fourth Amendment rights.

The Fourth Amendment to the United States Constitution protects against "unreasonable searches and seizures." U.S. CONST. amend. IV. Subject to certain exceptions, "'[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant.'" *Riley v. California*, 134 S. Ct. 2473, 2482 (2014) (quoting *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995)). One exception to the warrant

requirement is the "automobile exception" or "*Carroll* doctrine," named after *Carroll v. United States*, 267 U.S. 132 (1925), in which the United States Supreme Court held that an officer may search an automobile, without a warrant, if he or she has probable cause to believe it contains evidence of a crime or contraband goods. *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999).

The issue presented in this case is whether the police had sufficient probable cause to search appellant's car pursuant to the *Carroll* doctrine. In other words, was there a "fair probability that contraband or evidence of a crime [would] be found in" the car. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Before addressing the specific facts here, we note that the probable cause standard is a "'practical, nontechnical conception' that deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (quoting *Gates*, 462 U.S. at 231). As the United States Supreme Court has explained:

> The test for probable cause is not reducible to precise definition or quantification. Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence . . . have no place in the [probable-cause] decision. . . . All we have required is the kind of fair probability on which reasonable and prudent [people,] not legal technicians, act. . . .
>
> In evaluating whether the State has met this practical and common-sensical standard, we have consistently looked to the totality of the circumstances. . . . We have rejected rigid rules, bright-line tests, and mechanistic inquiries in favor of a more flexible, all-things-considered approach. . . . Probable cause, we emphasized, is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.

*Florida v. Harris*, 133 S. Ct. 1050, 1055-56 (2013) (quotations omitted).

With respect to the odor of marijuana, the Maryland appellate courts consistently have held that the detection of the odor of marijuana by a trained drug dog establishes probable cause to conduct a warrantless *Carroll* doctrine search of a vehicle. *Wilkes v. State*, 364 Md. 554, 586-87 (2001); *Pyon v. State*, 222 Md. App. 412, 439 (2015). The question presented here is whether the recent Maryland law, which decriminalized the possession of less than 10 grams of marijuana and made it a civil offense, changes this analysis.

In addressing this issue, it is important to make clear the scope of the new law. Maryland Code (2015 Supp.) § 5-601 of the Criminal Law Article ("CR") states, in pertinent part, as follows:

> (a) *In general.* — Except as otherwise provided in this title, a person may not:
> (1) possess or administer to another a controlled dangerous substance, unless obtained directly or by prescription or order from an authorized provider acting in the course of professional practice;[7]
>
> * * *
>
> (c) *Penalty; mitigating factors; substance abuse programs.* — (1) Except as provided in paragraphs (2) and (3) of this subsection, a person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 4 years or a fine not exceeding $25,000 or both.
> (2)(i) Except as provided in subparagraph (ii) of this paragraph, a person whose violation of this section involves the use or possession of marijuana is subject to imprisonment not exceeding 1 year or a fine not exceeding $1,000 or both.

---

[7] Pursuant to Maryland Code (2015 Supp.) §§ 5-401(a) and 5-402(d)(1)(vii) of the Criminal Law Article ("CR") marijuana is a Schedule I controlled dangerous substance.

(ii) 1. A first violation of this section involving the use or possession of less than 10 grams of marijuana is a civil offense punishable by a fine not exceeding $100.

2. A second violation of this section involving the use or possession of less than 10 grams of marijuana is a civil offense punishable by a fine not exceeding $250.

3. A third or subsequent violation of this section involving the use or possession of less than 10 grams of marijuana is a civil offense punishable by a fine not exceeding $500.

This statutory language makes clear that, although the legislation enacted in 2014 decriminalized the possession of less than 10 grams of marijuana, it remains a civil offense, and therefore, it still is illegal. "[D]ecriminalization is not synonymous with legalization." *Com. v. Cruz*, 945 N.E.2d 899, 911 (Mass. 2011).

Thus, cases such as *State v. Crocker*, 97 P.3d 93 (Alaska Ct. App. 2004), upon which appellant relies, are inapposite. In *Crocker*, the Court of Appeals of Alaska held that the "strong odor of growing marijuana" did not constitute probable cause to support a search warrant for Crocker's house because, in Alaska, it is legal to possess less than four ounces of marijuana for personal use in the home. *Id.* at 95, 97. The court held that the warrant application needed to establish probable cause that the possession of marijuana was illegal. *Id.* at 94. That case is inapposite because, as explained, possession of marijuana in any amount remains illegal in Maryland.[8]

---

[8] We note that the General Assembly also recently enacted "medical marijuana" laws, providing that there is an affirmative defense to a prosecution in certain circumstances when possession of marijuana is for medical use, CR § 5-601(c)(3)(ii), and a licensed dispensary of products containing cannabis may not be penalized or arrested under State law for possessing or distributing these products. Maryland Code (2015 Repl. Vol.) §§ 13-3301 to 3316 of the Health-General Article. The impact of these laws was not addressed below, and therefore, this issue is not properly before us.

Keeping in mind the important fact that possession of marijuana, in any amount, remains illegal in Maryland, we address whether this new law, decriminalizing possession of limited amounts of marijuana, changes the established jurisprudence that the smell of marijuana provides probable cause to search a vehicle. Although this issue is one of first impression in Maryland, it has been considered by other states, with conflicting results.

At least one jurisdiction has held that legislation making possession of a small quantity of marijuana a civil, rather than a criminal, violation results in the conclusion that the odor of marijuana does not, standing alone, provide probable cause to conduct a search. In *Commonwealth v. Overmyer*, 11 N.E.3d 1054, 1058 (Mass. 2014), the Supreme Judicial Court of Massachusetts noted that, since legislation enacted in 2008 reclassified possession of one ounce or less of marijuana as a civil, not a criminal, violation, the Massachusetts appellate courts had held that the smell of marijuana "points only to the presence of *some* marijuana, not necessarily a criminal amount," and therefore, such an odor, by itself, does not give rise to probable cause to conduct a search of a car pursuant to the automobile exception to the warrant requirement. In Massachusetts, the courts have held that the odor of marijuana does not give the police probable cause to search a car "without some additional fact or facts that establish a reasonable basis for the belief that more than one ounce of marijuana is in a person's possession or in the location from which the odor emanates." *Commonwealth v. Fontaine*, 3 N.E.3d 82, 88 (Mass. App. Ct. 2014).

Other jurisdictions, however, have reached the opposite conclusion. In *State v. Smalley*, 225 P.3d 844, 848 (Or. Ct. App. 2010), the Court of Appeals of Oregon rejected

the argument that, because possession of less than one ounce of marijuana was not a criminal offense, the odor of marijuana did not give the officer probable cause to search a vehicle. The court noted that, pursuant to the automobile exception, probable cause to believe that the automobile contains "*contraband or crime evidence* justifies an immediate warrantless search of the entire automobile." *Id.* (quoting *State v. Brown*, 721 P.2d 1357, 1362 (Or. 1986)). It explained:

> Defendant does not argue that marijuana becomes contraband only in quantities of more than an ounce, and we know of no authority for that proposition. Indeed, both the legal and common definitions of "contraband" indicate that the term encompasses anything that the law prohibits possessing. *Black's Law Dictionary* defines "contraband" as "[g]oods that are unlawful to import, export, produce, or possess." *Id.* at 365 (9th ed. 2009); see also *Webster's Third New Int'l Dictionary* 494 (unabridged ed. 2002) ("goods or merchandise the importation, exportation, or sometimes possession of which is forbidden").

*Id.* at 271. Because marijuana constituted contraband, regardless of its quantity, the court held that the officer's detection of the odor of marijuana in the vehicle gave him the requisite probable cause to search it.

Similarly, in *State v. Barclay*, 398 A.2d 794, 798 (Me. 1979), the Supreme Judicial Court of Maine noted that, although possession of a small amount of marijuana is a civil, as opposed to a criminal, offense, marijuana remained illegal to possess and constituted contraband. Accordingly, the court held that, when the officer approached a car stopped for a faulty exhaust system and smelled marijuana, the officer had probable cause to believe defendant's vehicle contained contraband and was justified in conducting a warrantless search of the vehicle. *Id.*

We agree with the reasoning of the latter cases. We note that neither the Supreme Court nor the Maryland appellate courts have limited the automobile exception to situations where there is probable cause to believe there is evidence of a crime in the vehicle. Rather, a search is permitted when there is probable cause to believe that the car contains evidence of a crime **or** contraband. *See Maryland v. Dyson*, 527 U.S. 465, 467 (1999) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.") (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (per curiam)); *California v. Acevedo*, 500 U.S. 565, 580 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained."); *Nathan v. State*, 370 Md. 648, 665-66 (2002) ("Police officers who have probable cause to believe that there is contraband or other evidence of criminal activity inside an automobile that has been stopped on the road may search it without obtaining a warrant."). Thus, although possession of less than ten grams of marijuana is no longer a crime, a search of a vehicle still would be reasonable under the Fourth Amendment if marijuana constitutes contraband.

In determining whether marijuana is contraband pursuant to CR § 5-601, we rely on well-settled principles of statutory interpretation:

> "The cardinal rule of statutory interpretation is to ascertain and effectuate the real and actual intent of the Legislature. A court's primary goal in interpreting statutory language is to discern the legislative purpose, the ends to be accomplished, or the evils to be remedied by the statutory provision under scrutiny.
>
> To ascertain the intent of the General Assembly, we begin with the normal, plain meaning of the statute. If the language of the statute is

unambiguous and clearly consistent with the statute's apparent purpose, our inquiry as to the legislative intent ends ordinarily and we apply the statute as written without resort to other rules of construction. . . .

We, however, do not read statutory language in a vacuum, nor do we confine strictly our interpretation of a statute's plain language to the isolated section alone. Rather, the plain language must be viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in enacting the statute."

*State v. Weems*, 429 Md. 329, 338 (2012) (quoting *Gardner v. State*, 420 Md. 1, 8-9 (2011)).

With this standard in mind, we note that the plain language of CR § 5-601(c)(2)(ii) provides that possession of less than 10 grams of marijuana is a civil offense subject to a fine, i.e., it is illegal to possess. "Contraband" is defined as "[g]oods that are unlawful to import, export, produce, or possess. BLACK'S LAW DICTIONARY (10th ed. 2014). *Accord In re Calvin S.*, 175 Md. App. 516, 530 (2007).

In *Calvin S.*, a police officer searched a minor after observing him smoking a cigarette, a civil violation pursuant to CR § 10-108.[9] *Id.* at 527-28. The minor argued that

---

[9] CR § 10-108 provides, in pertinent part, as follows:

(c) *Prohibited.* — A minor may not:
    (1) use or possess a tobacco product or cigarette rolling paper;

* * *

(d) *Penalty.* — (1) A violation of this section is a civil offense.

* * *

(e) *Citation.* — A law enforcement officer authorized to make arrests shall issue a citation to a minor if the law enforcement officer has probable cause to believe that the minor is committing or has committed a violation of this section.

probable cause to believe that he was committing a civil violation did not provide a constitutional basis for a warrantless search of his person, and the State argued that the search was proper because possession of cigarettes by a minor was unlawful, and therefore, the cigarettes in the possession of the minor were "contraband." *Id.* at 527. This Court disagreed, noting that the statute did not classify tobacco products as "contraband," and it did not contain authority for their seizure. *Id.* at 530-31.

Here, by contrast, the legislative history of what is now CR § 5-601(c)(2)(ii) makes clear that the Maryland General Assembly intended that, although possession of a small amount of marijuana would no longer be a criminal offense, it would continue to be considered contraband, regardless of the quantity. Indeed, the exact scenario presented here was contemplated. On April 1, 2014, at the hearing to discuss Senate Bill 364, members of the House Judiciary Committee questioned whether this bill, as initially drafted, would cause a change in the existing law authorizing police officers to search a car based on a K-9 alert. Senator Robert Zirkin, one of the sponsors of the bill, testified that this was not a problem in most states that had decriminalized small amounts of marijuana, but he stated that, if the General Assembly wanted to make that clear, it could amend the bill. Testimony of Sen. Robert "Bobby" Zirkin regarding S.B. 364 before the House Judiciary Committee, April 1, 2014.[10]

---

[10] Recording of April 1, 2014, House Judiciary Committee hearing available at: http://mgahouse.maryland.gov/mga/play/1f0ace2b889b4079bcfb85b6ba52d452/?catalog/03e481c7-8a42-4438-a7da-93ff74bdaa4c&playfrom=2926752.

On April 5, 2014, the House Judiciary Committee adopted an amendment to address this issue. Amendments to Senate Bill No. 364 (Third Reading File Bill), Judiciary Committee (Apr. 5, 2014), at 2, *available at* http://mgaleg.maryland.gov/2014RS/amds/bi l_0004/sb034_35261102.pdf [https://perma.cc/WDN5-YX66]. This amendment added the following language regarding seizure and forfeiture, which ultimately was codified as CR § 5-601(d):

> (d) *Effect of (c)(2)(ii) on other laws.* — The provisions of subsection (c)(2)(ii) of this section making the possession of marijuana a civil offense may not be construed to affect the laws relating to:
> (1) operating a vehicle or vessel while under the influence of or while impaired by a controlled dangerous substance; or
> (2) seizure and forfeiture.[11]

In light of the foregoing, it is clear that the Maryland General Assembly intended that marijuana remain classified as "contraband," and that the decriminalization of small amounts of marijuana would not affect existing case law allowing officers to search a vehicle based upon a K-9 alert to the smell of marijuana.

Given this legislative history, we conclude that, although the Maryland General Assembly made possession of less than 10 grams of marijuana a civil, as opposed to a criminal, offense, it is still illegal to possess any quantity of marijuana, and marijuana

---

[11] Maryland Code (2008 Repl. Vol.) § 12-201 of the Criminal Procedure Article ("CP") states, in pertinent part:

> (a) *Schedule I substances — Possession, transference, and sale.* — A Schedule I substance listed in § 5-402 of the Criminal Law Article shall be seized and summarily forfeited to the State if the substance is:
> (1) possessed, transferred, sold, or offered for sale in violation of the Controlled Dangerous Substances law.

retains its status as contraband. Accordingly, we hold that this legislation does not change the established precedent that a drug dog's alert to the odor of marijuana, without more, provides the police with probable cause to authorize a search of a vehicle pursuant to the *Carroll* doctrine. Here, Diablo's alert provided a sufficient basis to believe that contraband would be found in the vehicle, and therefore, it provided probable cause to search the vehicle. The circuit court properly denied the motion to suppress.

**JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**