**HEADNOTE:**

*Barrett v. State of Maryland*, No. 530, September Term 2016.

MARIJUANA; PROBABLE CAUSE; SEARCH INCIDENT TO ARREST

A warrantless search of a person is reasonable under the Fourth Amendment only if it falls within an exception to the warrant requirement. Probable cause to believe criminal activity is occurring does not justify a search of a person, but it does authorize police to arrest the person and then search him or her incident to that arrest, even if the search occurs prior to the arrest.

Despite the decriminalization of possession of less than ten grams of marijuana, a law enforcement officer who has reason to believe that an individual is in possession of marijuana has probable cause to effectuate an arrest, even if the officer is unable to identify whether the amount possessed is more than 9.99 grams. A requirement that law enforcement has to be absolutely sure that the amount of marijuana involved is more than 9.99 grams before they have probable cause to arrest is inconsistent with the concept of probable cause, which requires only facts sufficient to warrant a prudent person in believing that an individual is committing a crime.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 530

September Term, 2016

_____

ANTHONY BARRETT

v.

STATE OF MARYLAND

_____

Graeff,
Reed,
Friedman,

JJ.

_____

Opinion by Graeff, J.

_____

Filed: November 29, 2017

Following a bench trial in the Circuit Court for Baltimore City, Anthony Barrett, appellant, was convicted of the following crimes: possession of a firearm by a prohibited person; wearing, carrying, or transporting a handgun on the person; and wearing, carrying, or transporting a handgun in a vehicle. The court sentenced appellant on the conviction for possession of a firearm to five years of imprisonment, all suspended but time served, and three years of imprisonment for each of the two convictions for wearing, carrying, or transporting a handgun.[1]

On appeal, appellant presents two questions for this Court's review, which we have reordered and rephrased slightly, as follows:

1. Did the circuit court err in denying appellant's motion to suppress the evidence obtained as a result of the search of his person?

2. Did the circuit court err in imposing separate sentences for each of the two convictions of wearing, carrying, or transporting a handgun?

For the reasons set forth below, we shall vacate the sentence for wearing, carrying, or transporting a handgun in a vehicle and otherwise affirm the judgments of the circuit court.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 24, 2014, Detectives Brian Salmon and Jason Leventhall, members of the Baltimore City Police Department, were on patrol in a marked SUV.

---

[1] The sentence for possession of a firearm was to be served concurrently to the sentence imposed for an unrelated conviction. The sentences for wearing, carrying, or transporting a handgun were concurrent to each other, but consecutive to a sentence imposed for a second, unrelated conviction.

Detective Salmon had encountered the odor of burnt marijuana hundreds of times, and he was accepted at the suppression hearing as an expert in the "sale, packaging and recognition" of marijuana.[2]

Detective Salmon saw a Honda Accord with an approximately foot-long crack in the front windshield. He had stopped the same vehicle the previous month for the same violation (cracked windshield), and he gave the driver of the vehicle at that time, appellant, a verbal warning and told him to get the windshield fixed. When the officers passed the vehicle on November 24, they "immediately smelled the strong odor of marijuana."

The detectives initiated a traffic stop of the vehicle, which was occupied by three people. As the detectives exited their vehicle and approached the driver's side of the stopped vehicle, Detective Salmon detected a "strong odor" of "burnt marijuana" emanating from the vehicle. Detective Leventhall approached the passenger side of the vehicle and asked appellant, who was sitting in the front passenger seat, if there was any marijuana in the car. Appellant "freely stated that they were smoking marijuana," and he handed Detective Leventhall "a brown hand-rolled cigar containing green plant material."[3]

The officers asked the driver and appellant to exit the vehicle. When Detective Salmon walked over to appellant, he could smell "the strong odor of marijuana coming from [appellant] and inside the car," but he was unable to discern from the odor the quantity of suspected marijuana.

---

[2] The suppression hearing in this case proceeded simultaneously with the bench trial.

[3] The police later determined that the cigar contained 0.37 grams of marijuana.

Detective Salmon then searched appellant. He recovered a loaded 9-millimeter handgun from appellant's pants.[4]  At that time, appellant was placed under arrest. As Sergeant John Landsman transported appellant to the police station, appellant offered "to make a deal for getting an AK-47 in exchange for being released."  At the station, appellant gave a recorded statement, in which he admitted that he "got caught with a handgun."

At the conclusion of all the evidence, which included evidence that the gun seized was operable and met the definition of a firearm under Maryland law, the court heard argument on the defense motion to suppress.  The State argued that, based on the odor of marijuana and appellant's actions in handing the officer "a blunt of some sort," Detective Salmon had the right to search, to pat-down appellant, who possibly had additional contraband on his person or in the vehicle.  Defense counsel argued that appellant's "admittance of [a] civil offense" of possession of less than ten grams of marijuana "does not give rise to [ ] probable cause of criminal activity,"  and therefore, "the search should be denied and … the statement should be suppressed."[5]

The court ultimately denied the motion to suppress. It characterized defense counsel's argument to be that, because possession of less than ten grams of marijuana was

---

[4] The officer initially stated that the gun was recovered from the "front waist area" of appellant's pants.  On cross-examination, he agreed with defense counsel that the gun was "down in his underwear," "below his private parts," and he reached in and recovered the handgun.

[5] Defense counsel also argued that the initial traffic stop was unlawful.  The circuit court rejected that argument, and appellant does not, for good reason, challenge that ruling on appeal. *See Muse v. State*, 146 Md. App. 395, 405 (2002) (stop to investigate cracked windshield of automobile reasonable under the Fourth Amendment).

3

a civil offense, and the police did not have information that a greater quantity of marijuana was involved, the police did not have probable cause to search the car. The court disagreed with that argument, noting that, pursuant to *Bowling v. State*, 227 Md. App. 460, *cert. denied*, 448 Md. 724 (2016), the smell of marijuana gave the detectives probable cause to search the vehicle. The court stated:

> The issue becomes whether it's reasonable for the officer to believe that there may be additional marijuana in the car or on the person in the car. That's the analysis under [*Bowling*]. And the [*Bowling*] Court says that it is reasonable. So when Officer Salmon decided to pat down Mr. Barrett to see if he had any additional marijuana on him, as the [*Bowling*] Court found with the vehicle, this Court finds that that was reasonable. When he patted him down, however, he found - - he felt a sharp object and he recovered that object from his person. That object turned out to be a handgun.
>
> The Court finds nothing - - no - - the Court does not find any violation of the Fourth Amendment under the facts of this case. The Court finds the testimony of the officers to be credible. So as to the suppression of the handgun, the Court denies your motion.

At the conclusion of the trial, the circuit court convicted appellant of the weapons charges. This appeal followed.

## DISCUSSION

### I.

Appellant contends that the circuit court erred in denying his motion to suppress the handgun recovered from his person and his subsequent statement. He argues that "[t]he police had no justification for a warrantless search of [his] person," and the court erred in relying on this Court's decision in *Bowling* because that case addressed a warrantless search of a vehicle, whereas this case involved the search of a person. Appellant further argues that there was no independent justification for the search, asserting that it was not a

4

search incident to arrest for two reasons: (1) "he had not been arrested"; and (2) this was a "citation offense for which he could not be arrested" because the officer could not ascertain the quantity of marijuana involved.

In reviewing the grant or denial of a motion to suppress, we consider the evidence in the light most favorable to the party who prevails on the motion, and we accept the suppression court's factual findings unless they are clearly erroneous. *Bowling*, 227 Md. App. at 465. *Accord Norman v. State*, 452 Md. 373, 386, *cert. denied*, ___ S. Ct. ___ (2017). In determining the ultimate legal conclusion regarding whether a constitutional right has been violated, however, "we make an independent, *de novo*, constitutional appraisal by applying the law to facts presented in a particular case." *Johnson v. State*, 232 Md. App. 241, 256 (quoting *Williams v. State*, 372 Md. 386, 401 (2002), *cert. granted*, 454 Md. 678 (2017).

Our analysis begins with the Fourth Amendment to the Constitution of the United States, which protects against "unreasonable searches and seizures." U.S. CONST. amend. IV. This constitutional mandate is "applicable to the states, through the Fourteenth Amendment." *Grant v. State*, 449 Md. 1, 16 (2016). Whether a police action is reasonable "is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Delaware v. Prouse*, 440 U.S. 648, 654 (1979). *Accord Sellman v. State*, 449 Md. 526, 540 (2016).

The general rule is that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated

5

exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). *Accord Riley v. California*, __ U.S. __, 134 S. Ct. 2473, 2482 (2014). Thus, a warrantless search of a person is "reasonable only if it falls within a recognized exception." *Missouri v. McNeely*, 569 U.S. 141, 148 (2013). The Court of Appeals has listed several exceptions to the warrant requirement, including: (1) hot pursuit; (2) the plain view doctrine; (3) the *Carroll* doctrine; (4) stop and frisk; (5) consent; (6) exigent circumstances; and (7) search incident to arrest. *Grant,* 449 Md. at 16, n.3 (2016).

In denying the motion to suppress here, the circuit court appeared to rely on this Court's decision in *Bowling*. In that case, this Court upheld a warrantless search pursuant to the automobile exception, sometimes referred to as "the *Carroll* doctrine," *Carroll v. United States*, 267 U.S. 132 (1925), which allows the police to conduct a warrantless search of a vehicle based on probable cause to believe that the vehicle contains contraband or evidence of a crime. 227 Md. App. at 472-73.[6] We noted that the Maryland appellate courts consistently have held that the odor of marijuana emanating from a vehicle provides probable cause for the police to conduct a warrantless *Carroll* doctrine search of a vehicle. *Id*. at 469. In *Bowling*, 227 Md. App. at 476, we determined, and the Court of Appeals subsequently held in *Robinson v. State*, 451 Md. 94, 137 (2017), that this precedent remained good law, despite recent legislation that decriminalized possession of less than ten grams of marijuana.

---

[6] The *Carroll* doctrine exception, which allows the warrantless search of a vehicle based on probable cause, is based on "the exigencies associated with the mobility of a vehicle, and the diminished expectation of privacy with regard to a vehicle." *Fair v. State*, 198 Md. App 1, 11 (2011) (quoting *State v. Cabral*, 159 Md. App. 354, 372-73 (2004)).

6

As appellant notes, however, the issue here does not concern the propriety of the search of the vehicle, and therefore, the automobile exception to the warrant requirement cannot justify the search. Rather, the issue in this case involves the propriety of the search of appellant's person. In that regard, the Supreme Court has never held, unlike in the context of a search of a vehicle, that there is a "probable cause to search a person" exception to the warrant requirement. For a warrantless search of a person to be reasonable under the Fourth Amendment, the State must show an exception to the warrant requirement, such as consent, exigent circumstances, reasonable suspicion to conduct a protective frisk, or a search incident to an arrest based on probable cause.

The State argued in its brief that the search here was justified on either of the latter two grounds. With respect to a protective frisk, the Supreme Court held in *Terry v. Ohio*, 392 U.S. 1, 27 (1968), that the police may conduct a limited frisk of a person who has been stopped based on reasonable suspicion that the person is armed and dangerous. After the briefs were filed in this case, however, the Court of Appeals held that the odor of marijuana emanating from a vehicle does not, by itself, justify a frisk of an occupant of that vehicle, but rather, a frisk is proper only if, "in addition to the odor of marijuana, another circumstance or other circumstances are present giving rise to the reasonable articulable suspicion that an occupant is armed and dangerous." *Norman*, 452 Md. at 425. At oral argument, the State conceded that, based on that decision, and the facts in this case, the search of appellant was not justified as a protective frisk. We agree.

The State contends, however, that the circuit court properly denied the motion to suppress because the search was valid under the search incident to arrest exception. The

7

United States Supreme Court has stated that it is "well accepted" that a search incident to arrest is an exception to the warrant requirement, noting, however, that "the label 'exception' is something of a misnomer in this context, as warrantless searches incident to arrest occur with far greater frequency than searches conducted pursuant to a warrant." *Riley*, 134 S. Ct. at 2482. As this Court has explained:

> [A] police officer with probable cause to believe that a suspect has or is committing a crime may arrest the suspect without a warrant. *See Brinegar v. United States,* 338 U.S. 160, 176 (1949). . . . Once lawfully arrested, police may search "the person of the arrestee" as well as "the area within the control of the arrestee" to remove any weapons or evidence that could be concealed or destroyed. *United States v. Robinson*, 414 U.S. 218, 224 (1973).

*Conboy v. State*, 155 Md. App. 353, 364 (2004) (parallel citations omitted).

Appellant contends that the search should not be upheld as a valid search incident to arrest. In support, he gives three reasons: (1) the State did not argue this exception below and it was not the basis for the court's ruling; (2) there was not probable cause to arrest; and (3) there was no arrest prior to the search. We will address each of these arguments, in turn.

### A.

### Alternative Grounds

We begin with appellant's contention that we should not consider whether the search was proper as a search incident to arrest because the State did not raise this argument below, and the circuit court did not rely on the search incident to arrest exception in its ruling. Although appellant is correct that the search incident to arrest argument was not raised below, that does not preclude this Court from considering the issue.

8

The Court of Appeals has made clear that "an appellee is entitled to assert any ground adequately shown by the record for upholding the trial court's decision, even if the ground was not raised in the trial court," and "if legally correct, the trial court's decision will be affirmed on such alternative ground." *Unger v. State*, 427 Md. 383, 406 (2012). *Accord Elliot v. State*, 417 Md. 413, 435 (2010) ("'[W]here the record in a case adequately demonstrates that the decision of the trial court was correct, although on a ground not relied upon by the trial court and perhaps not even raised by the parties, an appellate court will affirm.'") (quoting *Robeson v. State*, 285 Md. 498, 502 (1979)). Here, the record is adequately developed for us to address whether the search was valid as a search incident to arrest.[7]

**B.**

**Probable Cause**

Turning next to the issue of probable cause, appellant does not dispute that the police may arrest an individual if the officer "'has probable cause to believe that an individual has committed even a very minor criminal offense in his presence.'" *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (quoting *Atwater v. Lago Vista*, 532 U.S. 318, 354 (2001)). *See also* Md. Code (2001, 2008 Repl. Vol.), § 2-202(b) of the Criminal Procedure Article (providing that "[a] police officer who has probable cause to believe that a felony or misdemeanor is

---

[7] We are not persuaded by appellant's contention, made for the first time at oral argument, that it would be unfairly prejudicial to him for this Court to address this argument. The issued involved is a legal issue, and there was no ambiguity regarding the timing of the arrest. Detective Salmon testified that he recovered the handgun, and "at this time," appellant was placed under arrest.

being committed in the presence or within the view of the police officer may arrest without a warrant any person whom the police officer reasonably believes to have committed the crime."). He asserts, however, that the police did not have probable cause to believe that he was committing a crime.

Probable cause to arrest "exists where the facts and circumstances within the knowledge of the officer at the time of the arrest, or of which the officer has reasonably trustworthy information, are sufficient to warrant a prudent person in believing that the suspect had committed or was committing a criminal offense." *Moulden v. State*, 212 Md. App. 331, 344 (2013) (quoting *Haley v. State*, 398 Md. 106, 133 (2007)). The probable cause standard is "a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Pringle*, 540 U.S. at 370 (quotation marks and citations omitted). It is "not reducible to precise definition or quantification." *Robinson*, 451 Md. at 110 (quoting *Florida v. Harris*, 568 U.S. 237, 133 S. Ct. 1050, 1055 (2013)). Rather, "[p]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *Pringle*, 540 U.S. at 370-71 (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). "A finding of probable cause requires less evidence than is necessary to sustain a conviction, but more evidence than would merely arouse suspicion." *Moulden*, 212 Md. App. at 344 (quoting *Haley*, 398 Md. at 133). In assessing "whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide 'whether these historical facts,

10

viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Pringle*, 540 U.S. at 371 (citation omitted).

To determine whether the police here had probable cause to arrest appellant, we must first assess whether they had probable cause to believe that he was in possession of marijuana. Maryland Code (2016 Supp.) § 5-101(v) of the Criminal Law Article defines "possess" as "to exercise active or constructive dominion or control over a thing by one or more persons." As we noted in *Bowling*, 227 Md. App. at 469, Maryland courts have consistently held that the odor of marijuana in a vehicle gives the police probable cause to believe that marijuana is present in the vehicle. Whether the odor of marijuana emanating from a vehicle provides probable cause to believe that a passenger in the vehicle exercised dominion and control over the suspected marijuana, i.e. was in possession of illegal drugs, has been viewed as a different question, which has been the subject of much discussion. *See Norman*, 452 Md. at 412-415.

This case, however, does not involve the mere odor of marijuana. Here, not only did the officers smell marijuana in a vehicle in which appellant was one of three occupants, Detective Salmon testified that he could smell the strong odor of marijuana coming from appellant. Moreover, when appellant was asked if there was marijuana in the car, he "freely admitted" that "they" had been smoking marijuana, and he handed Detective Leventhall a cigar.

In situations where the police have more information connecting an occupant of a vehicle to the marijuana, and there is more than merely the odor of marijuana, courts have found probable cause to arrest. *See U.S. v. Humphries*, 372 F.3d 653, 659 (4th Cir. 2004)

11

(although the odor of marijuana provides probable cause to believe that marijuana is present, additional factors must be present to localize its source to a person to justify an arrest); *Johnson v. State*, 142 Md. App. 172, 191 (holding that the odor of burnt marijuana from within a vehicle, along with the observation of a marijuana bud on the gearshift cover, within arm's reach of the passenger, provided probable cause to arrest the passenger), *cert. denied*, 369 Md. 180 (2002).

Here, as indicated, the police not only smelled marijuana in the vehicle, they smelled it on appellant, and he admitted to smoking marijuana and handed the officer a cigar. Based on these circumstances, the police had probable cause to believe that appellant possessed marijuana.

Appellant notes, however, that the Maryland General Assembly decriminalized the possession of less than ten grams of marijuana and made it a civil offense.[8] He argues that,

---

[8] As the Court of Appeals explained in *Robinson*, 451 Md. at 97-98:

> Before October 1, 2014, under Maryland law, possession of less than ten grams of marijuana was a misdemeanor that carried a maximum penalty of ninety days of incarceration and a fine of $500. *See* 2014 Md. Laws. 1119 (Vol. II, Ch. 158, S.B. 364); Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2013 Supp.) § 5–601(c)(2)(ii). As of October 1, 2014, under Maryland law, possession of less than ten grams of marijuana became "a civil offense" that is punishable by participation in a drug education program, an assessment for substance abuse disorder, possible substance abuse treatment, and a fine, the amount of which depends on whether the violation is a first, second, or subsequent violation of the statute. *See* 2014 Md. Laws. 1119, 1124 (Vol. II, Ch. 158, S.B. 364); Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol., 2014 Supp.) § 5–601(c)(2).

Appellant was arrested on November 24, 2014, shortly after the law went into effect.

because the police could not tell the quantity of marijuana involved, the police did not have probable cause to believe that he was committing a crime.

Although the Maryland appellate courts have not yet addressed the issue of probable cause to arrest an individual for possession of marijuana following the decriminalization of possession of less than ten grams, the Court of Appeals and this Court have addressed the issue of probable cause to search a vehicle and held in that context that the police are not required to determine the amount of marijuana involved. In *Robinson*, 451 Md. at 125, the Court of Appeals stated that "[d]ecriminalization is not the same as legalization," and "[d]espite the decriminalization of possession of less than ten grams of marijuana, possession of marijuana in **any** amount remains illegal in Maryland." *Accord Bowling*, 227 Md. App. at 470. The Court of Appeals noted that other jurisdictions that had addressed the issue had determined that, even though possession of a small amount of marijuana had been decriminalized, it still suggested criminal activity. *Robinson*, 451 Md. at 122-23. *See, e.g., People v. Zuniga*, 372 P.3d 1052, 1060 (Colo. 2016) (although possession of small amount of marijuana is legal, odor of marijuana is suggestive of criminal activity and relevant to the probable cause determination). The Court agreed with that analysis and stated:

> Despite the decriminalization of possession of less than ten grams of marijuana, the odor of marijuana remains evidence of a crime. The odor of marijuana emanating from a vehicle may be just as indicative of crimes such as the possession of more than ten grams of marijuana, possession of marijuana with the intent to distribute, or the operation of a vehicle under the influence of a controlled dangerous substance, as it is of possession of less than ten grams of marijuana.

*Robinson*, 451 Md. at 133-34.  Accordingly, the Court held that "the odor of marijuana emanating from a vehicle provides probable cause to believe that the vehicle contains evidence of a crime, and a law enforcement officer may search the vehicle under such circumstances." *Id.* at 134.

Although the issue in *Robinson* addressed probable cause to search a vehicle, the same analysis applies to probable cause to arrest for possession of marijuana.  In *State v. Perry*, 874 N.W.2d 36 (Neb. 2016), the Supreme Court of Nebraska specifically addressed this issue.  In that case, Perry was the driver of a vehicle that was stopped for a traffic violation.  *Id.* at 39.  Police detected an odor of burnt marijuana from within the vehicle and observed the passenger holding a plastic "baggie" containing a "white rocklike substance."  *Id.* at 39-40.  The passenger was arrested, and Perry was asked to step out the vehicle.  *Id*.  Perry was searched, and the police found ecstasy pills (a controlled substance) and what appeared to be crack cocaine on his person.[9]  *Id.*  Perry's vehicle was then searched, and police recovered a marijuana cigarette and a firearm.  *Id.*

The Supreme Court recognized that there was no probable cause to search a person exception to the warrant requirement, noting, however, that a person could be searched incident to arrest if the arrest was based on probable cause.  *Id.* at 41.  In addressing whether the officer had probable cause to believe that Perry was involved in a crime, the court stated that it had "consistently held that the odor of marijuana, alone or in combination with other

_____

[9] The suspected crack cocaine found on Perry was later determined to be a form of "fake crack cocaine, known as gank."  *State v. Perry*, 874 N.W.2d 36, 40 (Neb. 2016).

14

factors, creates probable cause for an officer to infer that one or all of the occupants of a vehicle had committed the crime of possessing a controlled substance," providing probable cause to arrest. *Id*. at 45-46.[10]

The court then addressed Perry's argument, similar to that made by appellant here, that, in light of Nebraska's decriminalization of less than one ounce of marijuana, "the mere smell of marijuana is not sufficient probable cause that a crime is being or has been committed and does not justify an arrest." *Id.* at 46. The court rejected that argument, explaining:

> Objectively, the smell of burnt marijuana tells a reasonable officer that one or more persons in the vehicle recently possessed and used the drug. The officer need not know whether the amount possessed is more than 1 ounce in order to have probable cause to suspect criminal activity in the vehicle.

*Id.* The court noted that "probable cause does not require evidence sufficient to convict – only that which would lead to a reasonable inference of guilt." *Id.* at 47.

We agree with the rationale expressed by the Supreme Court of Nebraska. Pursuant to that reasoning, and the reasoning set forth in *Robinson*, 451 Md. at 133-34, we hold that a police officer who has reason to believe that an individual is in possession of marijuana

---

[10] The court subsequently stated, however, that the odor of marijuana was a factor in determining probable cause, finding that, based on the odor of burnt marijuana, the passenger's non-compliance with police orders, and the passenger's possession of a substance that appeared to be crack cocaine, "[a] reasonable officer with knowledge of all of these facts could conclude both occupants of the vehicle had knowledge of the presence of marijuana and the suspected cocaine and exercised dominion over both[.]" *Id.* at 46-47. Here, as explained, *supra*, the odor of marijuana was only one factor giving the police probable cause to believe appellant was in possession of marijuana.

15

has probable cause to effectuate an arrest, even if the officer is unable to identify whether the amount possessed is more than 9.99 grams.[11]

A requirement that the police need to be absolutely sure that the amount of marijuana involved is more than 9.99 grams before they have probable cause to arrest is inconsistent with the concept of probable cause, which requires only facts "sufficient to warrant a prudent person in believing" that an individual is committing a crime. *Moulden*, 212 Md. App. at 344. Because the odor of marijuana "may be just as indicative of crimes such as possession of more than ten grams of marijuana" or possession with the intent to distribute, *Robinson*, 451 Md. at 133, the odor of marijuana here, along with appellant's admission to smoking marijuana and handing the officer a cigar, gave the police probable cause to arrest appellant.

## C.

### Timing of Arrest

Once the police had probable cause to arrest appellant, they could search him incident to that arrest. *Stokeling v. State*, 189 Md. App. 653, 670-71 (2009), *cert. denied*,

---

[11] As the Court of Appeals noted in *Robinson*, 451 Md. at 127, the General Assembly did not intend, in decriminalizing possession of less than ten grams of marijuana, "to stop what would be right now a lawful search incident to arrest." *Id.* (quoting Crim. L. Possession of Marijuana Civ. Offense: Hearing on S.B. 364 before the Sen. Jud. Comm., 2014 Reg. Sess. (Md. Apr. 1, 2014)). At the legislative hearing, Senator Zirkin, one of the sponsors of the legislation, responded to the committee's concern that decriminalization of possession of less than ten grams of marijuana would hamper the ability of police to conduct a search incident to arrest. He stated that, even if the police could not identify the quantity of marijuana when they saw "a joint or just smell[ed] the odor of marijuana," "the fact that there is still a criminal amount [in the statute] permits it [search incident to arrest] to go forward." Hearing on S.B. 364.

16

414 Md. 332 (2010). The purpose of the search incident to arrest exception is to seize weapons that might be used to harm the police officers and to preserve evidence that might otherwise be destroyed. *Id.* at 671.

Appellant contends that the search in this case, which led to the discovery of the loaded handgun in his pants, was "not a search incident to arrest, because he had not been arrested." The State does not dispute that the formal arrest here occurred after the search, but it argues that this fact is irrelevant. We agree with the State.

The United States Supreme Court has made clear that a search may qualify as a search incident to arrest even if, sequentially, the search occurs prior to the arrest. *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980). In that case, the police had probable cause to arrest Rawlings when he admitted ownership of drugs found in a woman's purse. *Id.* at 111. The police arrested Rawlings, but not until after they searched him and found $4,500 in cash and a knife. *Id.* at 101. The Court upheld the search as a valid search incident to arrest because "the formal arrest followed quickly on the heels of the challenged search of petitioner's person," and it was not "particularly important that the search preceded the arrest rather than vice versa." *Id.* at 111.

Maryland appellate courts have recognized this precedent. *See, e.g., Lee v. State*, 311 Md. 642, 668- 69 (1988); *Conboy*, 155 Md. App. at 367-68. In addressing the requisite timing between the search and arrest, this Court stated that the "search incident to an arrest" exception to the warrant requirement is applicable as long as the search is "essentially contemporaneous" with the arrest. *Wilson v. State*, 150 Md. App. 658, 673 (2003). *Accord*

*Lee,* 311 Md. at 668-69 (search incident to arrest not precluded where search occurred prior to arrest where "events occurred instantly, one after the other.").

Here, the record is clear that the search was "essentially contemporaneous" with the arrest. Detective Salmon testified that he discovered the gun, and "at this time," appellant was arrested.

Because the police had probable cause to arrest appellant for possession of marijuana, and the arrest occurred right after the search, the search was valid as a search incident to arrest. Accordingly, the trial court did not err in denying appellant's motion to suppress.

**II.**

Appellant contends that his separate sentences for his convictions of wearing, carrying, or transporting a handgun on his person and in a vehicle should be merged. The State agrees, and so do we. *See Clark v. State*, 218 Md. App. 230, 256 (2014) (under the rule of lenity, defendant's conviction for wearing, carrying, or transporting a handgun on or about his person merged with his conviction for wearing, carrying, or knowingly transporting a handgun in a vehicle where acts were part of single transaction.)

**SENTENCE IMPOSED ON COUNT 6 (WEARING, CARRYING, OR TRANSPORTING A HANDGUN IN A VEHICLE) VACATED. JUDGMENTS OF THE CIRCUIT COURT FOR BALTIMORE CITY OTHERWISE AFFIRMED. COSTS TO BE SPLIT EQUALLY BETWEEN APPELLANT AND MAYOR AND CITY COUNCIL OF BALTIMORE.**

18